IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. _____ ) |
| RELIANT ENERGY, INC.; RELIANT ENERGY RETAIL SERVICES, LLC; PEPCO HOLDINGS, INC.; PHI SERVICE COMPANY; DELMARVA POWER & LIGHT COMPANY; DUKE ENERGY CORPORATION; CINERGY CORP., | ) ) **DEMAND FOR JURY TRIAL** ) ) ) ) |
| Defendants. | ) ) |

### PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing"), states as follows for its complaint against: Reliant Energy, Inc.; Reliant Energy Retail Services, LLC; Pepco Holdings, Inc.; PHI Service Company; Delmarva Power & Light Company; Duke Energy Corporation; and Cinergy Corp.:

### THE PARTIES

1. Plaintiff Katz Technology Licensing is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

2. On information and belief, Defendant Reliant Energy, Inc. is a Delaware corporation with its principal place of business at 1000 Main Street, Houston, Texas 77002.

3. On information and belief, Defendant Reliant Energy Retail Services, LLC is (a) a Delaware corporation with its principal place of business at 1000 Main Street, Houston, Texas 77002, and (b) a subsidiary of Reliant Energy, Inc.

4. On information and belief, Defendant Pepco Holdings, Inc. is a Delaware corporation with its principal place of business at 701 Ninth Street, Northwest, Washington, District of Columbia 20068.

5. On information and belief, Defendant PHI Service Company is (a) a Delaware corporation with its principal place of business at 701 Ninth Street, Northwest, Washington, District of Columbia 20068, and (b) a subsidiary of Pepco Holdings, Inc.

6. On information and belief, Defendant Delmarva Power & Light Company is (a) a Delaware corporation with its principal place of business at 800 King Street, Wilmington, Delaware 19899, and (b) a subsidiary of Pepco Holdings, Inc.

7. On information and belief, Defendant Duke Energy Corporation is a Delaware corporation with its principal place of business at 526 South Church Street, Charlotte, North Carolina 28202.

8. On information and belief, Defendant Cinergy Corp. is (a) a Delaware corporation with its principal place of business at 139 East Fourth Street, Cincinnati, Ohio 45202, and (b) a subsidiary of Duke Energy Corporation.

## JURISDICTION AND VENUE

9. This is an action arising under the patent laws of the United States, 35 U.S.C. sections 101 *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. sections 1331 and 1338(a).

10. Defendants Reliant Energy, Inc. and Reliant Energy Retail Services, LLC (collectively, the "Reliant Defendants") are subject to this Court's personal jurisdiction because, on information and belief, they are Delaware corporations and have designated a registered agent in this district.

11.  Defendants Pepco Holdings, Inc., PHI Service Company, and Delmarva Power & Light Company ("Delmarva") (collectively, the "Pepco Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they are Delaware corporations and have designated a registered agent in this district; (2) they do substantial business in this district through Delmarva, which provides electric utility services in this district; (3) they operate infringing automated call processing systems for customer service and reporting outages to their customers, including Delmarva customers in this district; and (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, Delmarva customers in this district.

12.  Defendants Duke Energy Corporation and Cinergy Corp. (collectively, the "Duke Energy Defendants") are subject to this Court's personal jurisdiction because, on information and belief, they are Delaware corporations and have designated a registered agent in this district.

13.  Venue is proper in this judicial district under 28 U.S.C. sections 1391(c) and 1400(b) because the Defendants are incorporated, reside, and/or engage in significant business activities in this district as set forth in Paragraphs 2-8 and 10-12 above.

## BACKGROUND

14.  Ronald A. Katz ("Mr. Katz"), founder of Katz Technology Licensing, is the sole inventor of each of the patents-in-suit.  Mr. Katz has been widely recognized as one of the most prolific and successful inventors of our time, and his inventions over the last forty-plus years have been utilized by literally millions of people.

15.  In 1961, Mr. Katz co-founded Telecredit Inc. ("Telecredit"), the first company to provide online, real-time credit authorization, allowing merchants to verify checks

over the telephone. Further innovations from Telecredit include the first online, real-time, point-of-sale credit verification terminal, which enabled merchants to verify checks without requiring the assistance of a live operator, and the first device that used and updated magnetically-encoded cards in automated teller machines. Multiple patents issued from these innovations, including patents co-invented by Mr. Katz.

16. Telecredit was eventually acquired by Equifax, and has now been spun off as Certegy, a public company traded on the New York Stock Exchange. Certegy continues to provide services in the credit and check verification field established by Mr. Katz and Telecredit.

17. Mr. Katz's inventions have not been limited to telephonic check verification. Indeed, Mr. Katz is responsible for advancements in many fields of technology. Among his most prominent and well-known innovations are those in the field of interactive call processing. Mr. Katz's inventions in that field are directed to the integration of telephonic systems with computer databases and live operator call centers to provide interactive call processing services.

18. The first of Mr. Katz's interactive call processing patents issued on December 20, 1988. More than fifty U.S. patents have issued to Mr. Katz for his inventions in the interactive call-processing field, including each of the patents-in-suit.

19. In 1988, Mr. Katz partnered with American Express to establish FDR Interactive Technologies, later renamed Call Interactive, to provide interactive call processing services based on Mr. Katz's inventions. The American Express business unit involved in this joint venture later became known as First Data.

20. Early clients of Call Interactive included *The New York Times*, ABC's *Monday Night Football*, KABC Radio, CBS News, and Beatrice Foods (Hunt-Wesson division).

21. Many of these clients utilized Call Interactive technology for high-profile events. For example, CBS News hired Call Interactive to operate an interactive, real-time telephone poll to gauge viewer reaction to President George H.W. Bush's 1992 State of the Union address.

22. Mr. Katz sold his interest in Call Interactive to American Express in 1989 but continued to provide advisory services to Call Interactive until 1992. American Express later spun off the First Data business unit into a separate corporation, and with that new entity went Mr. Katz's interactive call processing patents and the Call Interactive call processing business. The former Call Interactive, now known as First Data Voice Services, continues to provide call processing solutions today.

23. In 1994, Mr. Katz formed Katz Technology Licensing, which acquired the rights to the entire interactive call processing patent portfolio, including the rights to each of the patents-in-suit, from First Data, the owner of all of the Katz interactive call processing patents at that time.

24. The marketplace has clearly recognized the value of Mr. Katz's inventions. Indeed, over one hundred fifty companies have licensed the patents-in-suit. Licensees include IBM, Hewlett-Packard, Bank of America, JPMorgan Chase, Wells Fargo, HSBC, AT&T, Verizon, Sprint, Microsoft, Delta Airlines, Merck, Sears, Citibank, and the Home Shopping Network. These licensees and others acknowledge the applicability of the patents-in-suit to multiple fields of use, including but not limited to financial services call processing, automated securities transactions, automated credit card authorization services, automated wireless telecommunication services and support, automated health care services, and product and service support.

25. Each of the defendants employs the inventions of certain of the patents-in-suit. Katz Technology Licensing, through its licensing arm A2D, L.P., has repeatedly attempted to engage each defendant in licensing negotiations, but to date, none of the defendants has agreed to take a license to any of the patents-in-suit.

## THE ASSERTED PATENTS

26. On December 20, 1988, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,792,968 (the "'968 Patent") to Ronald A. Katz for an invention entitled "Statistical Analysis System For Use With Public Communication Facility." The '968 Patent expired on December 20, 2005.

27. On May 29, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,930,150 (the "'150 Patent") to Ronald A. Katz for an invention entitled "Telephonic Interface Control System." The '150 Patent expired on December 20, 2005.

28. On July 7, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,128,984 (the "'984 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

29. On October 5, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,251,252 (the "'252 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

30. On September 27, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,351,285 (the "'285 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System." The '285 Patent expired on December 20, 2005.

31.     On November 4, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,684,863 (the "'863 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '863 Patent expired on December 20, 2005.

32.     On September 29, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,815,551 (the "'551 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '551 Patent expired on December 20, 2005.

33.     On October 27, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,828,734 (the "'734 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

34.     On April 27, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,898,762 (the "'762 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '762 Patent expired on December 20, 2005.

35.     On June 29, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,917,893 (the "'893 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System." The '893 Patent expired on December 20, 2005.

36.     On October 26, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,974,120 (the "'120 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

37. On November 14, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,148,065 (the "'065 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '065 Patent expired on July 10, 2005.

38. On January l, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,335,965 (the "'965 Patent") to Ronald A. Katz for an invention entitled "Voice-Data Telephonic Interface Control System." The '965 Patent expired on December 20, 2005.

39. On February 19, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,349,134 (the "'134 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '134 Patent expired on December 20, 2005.

40. On July 23, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,424,703 (the "'703 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery System." The '703 Patent expired on July 10, 2005.

41. On August 13, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,434,223 (the "'223 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity." The '223 Patent expired on July 10, 2005.

42. On January 28, 2003, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,512,415 (the "'415 Patent") to Ronald A. Katz for

an invention entitled "Telephonic-Interface Game Control System." The '415 Patent expired on July 10, 2005.

43. On January 13, 2004, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,678,360 (the "'360 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '360 Patent expired on July 10, 2005.

### FIRST CLAIM
#### (PATENT INFRINGEMENT BY RELIANT DEFENDANTS)

44. Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-43 of this Complaint as if fully set forth herein.

45. Reliant Energy, Inc. is an independent power producer and marketer. Through its subsidiary Reliant Energy Retail Services, LLC, it provides electricity to residential customers in the Houston, Texas area.

46. On information and belief, the Reliant Defendants use infringing call processing systems to offer automated customer service to their customers. Using an automated system, in some instances in connection with operators, the Reliant Defendants allow their customers to access account information; sign up for new service; transfer service; make a payment on an account; report a payment already made; request a duplicate bill or a twelve-month usage report; request a letter of credit; report an electricity outage or emergency; and perform various other functions.

47. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '252, '285, '360, '551, '734, '762, '863, '893, '965, '968, and '984 Patents.

48. On information and belief, in their automated customer service operations described in Paragraph 46 (collectively, the "Accused Reliant Services"), the Reliant Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 47 of this Complaint by making, using, offering to sell, or selling the Accused Reliant Services.

49. On information and belief, the Reliant Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Reliant Services.

50. The Reliant Defendants' infringement of the patents identified in Paragraph 47 of this Complaint has been and is willful.

51. The Reliant Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

## SECOND CLAIM
### (PATENT INFRINGEMENT BY PEPCO DEFENDANTS)

52. Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-43 of this Complaint as if fully set forth herein.

53. Pepco Holdings, Inc. is an energy holding company that, *inter alia,* delivers electricity to customers in Delaware through its subsidiary Delmarva Power & Light Company. PHI Service Company provides support services to Pepco Holdings, Inc.'s operating companies.

54. On information and belief, the Pepco Defendants use infringing call processing systems to offer automated customer service to their customers. Using an automated

system, in some instances in connection with operators, the Pepco Defendants enable their customers to access information about their accounts; make payment arrangements; pay their bills; report power outages, service problems, or emergencies; provide meter readings; schedule service appointments; start, stop, or transfer service; and perform various other functions.

55. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '252, '285, '360, '415, '551, '703, '734, '863, '893, '965, '968, and '984 Patents.

56. On information and belief, in their automated customer service operations described in Paragraph 54 (collectively, the "Accused Pepco Services"), the Pepco Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 55 of this Complaint by making, using, offering to sell, or selling the Accused Pepco Services.

57. On information and belief, the Pepco Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Pepco Services.

58. The Pepco Defendants' infringement of the patents identified in Paragraph 55 of this Complaint has been and is willful.

59. The Pepco Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

**THIRD CLAIM**
(PATENT INFRINGEMENT BY DUKE ENERGY DEFENDANTS)

60.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-43 of this Complaint as if fully set forth herein.

61.    Duke Energy Corporation is an energy holding company that delivers electricity to customers through its subsidiaries. Upon information and belief, Cinergy Corp. merged with the predecessor of Duke Energy Corporation in April 2006 and was the holding company for certain subsidiaries that are now subsidiaries of Duke Energy Corporation.

62.    On information and belief, the Duke Energy Defendants use infringing call processing systems to offer automated customer service to their customers. Using an automated system, in some instances in connection with operators, the Duke Energy Defendants enable their customers to access information about their accounts; make payment arrangements; pay their bills; report power outages, service problems, or emergencies; provide meter readings; schedule service appointments; start, stop, or transfer service; and perform various other functions.

63.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '252, '285, '360, '415, '551, '734, '863, '893, '965, '968, and '984 Patents.

64.    On information and belief, in their automated customer service operations described in Paragraph 62 (collectively, the "Accused Duke Energy Services"), the Duke Energy Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 63 of this Complaint by making, using, offering to sell, or selling the Accused Duke Energy Services.

65. On information and belief, the Duke Energy Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Duke Energy Services.

66. The Duke Energy Defendants' infringement of the patents identified in Paragraph 63 of this Complaint has been and is willful.

67. The Duke Energy Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Ronald A. Katz Technology Licensing, L.P., respectfully requests that this Court enter judgment in its favor and against the defendants and grant the following relief:

1. Adjudge that the Reliant Defendants have been and are infringing one or more claims of the patents identified in Paragraph 47 of this Complaint by offering the Accused Reliant Services;

2. Adjudge that the Reliant Defendants' infringement has been and is willful;

3. Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Reliant Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

4. Order an accounting for damages resulting from the Reliant Defendants' infringement of the patents identified in Paragraph 47 of this Complaint;

5. Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Reliant

Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

      6.     Enter an order, pursuant to 35 U.S.C. § 284, and based on the Reliant Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Reliant Defendants;

      7.     Adjudge that the Pepco Defendants have been and are infringing one or more claims of the patents identified in Paragraph 55 of this Complaint by offering the Accused Pepco Services;

      8.     Adjudge that the Pepco Defendants' infringement has been and is willful;

      9.     Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Pepco Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

      10.    Order an accounting for damages resulting from the Pepco Defendants' infringement of the patents identified in Paragraph 55 of this Complaint;

      11.    Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Pepco Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

      12.    Enter an order, pursuant to 35 U.S.C. § 284, and based on the Pepco Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Pepco Defendants;

      13.    Adjudge that the Duke Energy Defendants have been and are infringing one or more claims of the patents identified in Paragraph 63 of this Complaint by offering the Accused Duke Energy Services;

      14.    Adjudge that the Duke Energy Defendants' infringement has been and is willful;

- 15 -

15. Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Duke Energy Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

16. Order an accounting for damages resulting from the Duke Energy Defendants' infringement of the patents identified in Paragraph 63 of this Complaint;

17. Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Duke Energy Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

18. Enter an order, pursuant to 35 U.S.C. § 284, and based on the Duke Energy Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Duke Energy Defendants;

19. Enter an order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to Katz Technology Licensing its reasonable attorneys' fees incurred in this action; and

20. Award such other relief as the Court may deem appropriate and just under the circumstances.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution of the United States, Plaintiff demands a trial by jury of all claims and all issues triable as of right by jury in this action.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
Julia Heaney (#3052)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
302.658.9200

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

OF COUNSEL:

Robert T. Haslam
Andrew C. Byrnes
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025-3506
650.324.7000

Michael K. Plimack
Dale A. Rice
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
415.772.6000

Dated:  September 1, 2006
534931

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
RONALD A. KATZ TECHNOLOGY LICENSING, L.P.

## DEFENDANTS
RELIANT ENERGY, INC.; RELIANT ENERGY RETAIL SERVICES, LLC; PEPCO HOLDINGS, INC.; PHI SERVICE COMPANY; DELMARVA POWER & LIGHT COMPANY; DUKE ENERGY CORPORATION; CINERGY CORP.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM ADDRESS AND TELEPHONE NUMBER)
Mary B. Graham
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 18th Floor
Wilmington, DE 19899
302-658-9200

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks or Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgement | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | ☐ 640 R R & Truck | ☒ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | **LABOR** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 710 Fair Labor Standards Act | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl Ret Inc Security Act | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed From State Court
- ☐ 3 Remanded From Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred From another district (specify) _____
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgement

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Patent Infringement; 35 U.S.C. § 271

## VII. REQUESTED IN COMPLAINT
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions)
JUDGE _____    DOCKET NUMBER _____
This is one of five related cases filed today by Plaintiff

DATE 9/1/06
SIGNATURE OF ATTORNEY OF RECORD  *Mary B. Graham* (signature)

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 06     543

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____8_____ COPIES OF AO FORM 85.

SEP 0 1 2006

_____        _____
(Date forms issued)           (Signature of Party or their Representative)

                              Aaron Johnston
                              _____
                              (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action