## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

RONALD A. KATZ TECHNOLOGY
LICENSING, L.P.,

      Plaintiff

      v.

RELIANT ENERGY, INC.; RELIANT
ENERGY RETAIL SERVICES, LLC; PEPCO
HOLDINGS, INC.; PHI SERVICE
COMPANY; DUKE ENERGY
CORPORATION; CINERGY CORP.,

      Defendants

Civil Action No. 1:06-CV-00543-GMS

**DEMAND FOR JURY TRIAL**

## ANSWER, DEFENSES, AND COUNTERCLAIMS OF DEFENDANTS
## RELIANT ENERGY, INC. AND RELIANT ENERGY RETAIL SERVICES, LLC

Defendants Reliant Energy, Inc. and Reliant Energy Retail Services, LLC ("Reliant Defendants") by and through their undersigned counsel, hereby present their Answer, Defenses, and Counterclaims to Plaintiff Ronald A. Katz Technology Licensing, L.P.'s ("Katz") Original Complaint, filed September 1, 2006 (the "Complaint").

### THE PARTIES

1.    The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 1 of the Complaint.

2.    The Reliant Defendants admit the averments of Paragraph 2 of the Complaint.

3.    The Reliant Defendants admit that Reliant Energy Retail Services, LLC is a limited liability company organized under the laws of the State of Delaware and that it is a subsidiary of Reliant Energy, Inc., with its principal place of business at 1000 Main St, Houston, Texas 77002.

4.      The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 4 of the Complaint.

5.      The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 5 of the Complaint.

6.      The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 6 of the Complaint.

7.      The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 7 of the Complaint.

8.      The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9.      The Reliant Defendants admit that the Complaint purports to arise under the patent laws of the United States and that the Court has subject matter jurisdiction over patent cases pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.      The Reliant Defendants admit that Reliant Energy, Inc. is a corporation and that Reliant Energy Retail Services, LLC is a limited liability company, both organized under the laws of the State of Delaware and that they have designated a registered agent in Delaware.

11.      The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 11 of the Complaint.

12.      The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 12 of the Complaint.

13.      The Reliant Defendants admit that Reliant Energy, Inc. is a corporation and that Reliant Energy Retail Services, LLC is a limited liability company, both organized under the

laws of the State of Delaware and that venue is proper in this judicial district. The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 13 of the Complaint.

## BACKGROUND

14.     The Reliant Defendants admit that on their face, U.S. Patent Nos. 4,792, 968 ("the '968 patent"), 4,930,150 ("the '150 patent"), 5,128,984 ("the '984 patent"), 5,251,252 ("the '252 patent"), 5,351,285 ("the '285 patent"), 5,684,863 ("the '863 patent"), 5,815,551 ("the '551 patent"), 5,828,734 ("the '734 patent"), 5,898,762 ("the '762 patent"), 5,917,893 ("the '893 patent"), 5,974,120 ("the '120 patent"), 6,148,065 ("the '065 patent"), 6,335,965 ("the '965 patent"), 6,349,134 ("the '134 patent"), 6,424,703 ("the '703 patent"), 6,434,223 ("the '223 patent"), 6,512,415 ("the '415 patent) and 6,678,360 ("the '360 patent) name Ronald A. Katz as inventor and that Mr. Katz is widely recognized. The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 14 of the Complaint.

15.     The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 15 of the Complaint.

16.     The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 16 of the Complaint.

17.     The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 17 of the Complaint.

18.     The Reliant Defendants admit that a patent naming Mr. Katz as inventor issued in 1988, but are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 18 of the Complaint.

19.     The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 19 of the Complaint.

20.     The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 20 of the Complaint.

21.     The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 21 of the Complaint.

22.     The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 22 of the Complaint.

23.     The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 23 of the Complaint.

24.     The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 24 of the Complaint.

25.     The Reliant Defendants admit that entities or attorneys for entities associated with Mr. Katz have contacted Reliant Energy, Inc. regarding licensing Mr. Katz's patent portfolio and that Reliant Energy, Inc. has not taken a license. The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 25 of the Complaint.

## THE ASSERTED PATENTS

26.     The Reliant Defendants admit that the '968 patent is entitled "Statistical Analysis System For Use With Public Communication Facility," and on its face names Ronald A. Katz as inventor and lists December 20, 1988 as the issue date. The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 26 of the Complaint.

27.    The Reliant Defendants admit that the '150 patent is entitled "Telephonic Interface Control System," and on its face names Ronald A. Katz as inventor and lists May 29, 1990 as the issue date.  The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 27 of the Complaint.

28.    The Reliant Defendants admit that the '984 patent is entitled "Telephone Interface Call Processing System With Call Selectivity," and on its face names Ronald A. Katz as inventor and lists July 7, 1992 as the issue date.  The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 28 of the Complaint.

29.    The Reliant Defendants admit that the '252 patent is entitled "Telephone Interface Call Processing System With Call Selectivity," and on its face names Ronald A. Katz as inventor and lists October 5, 1993 as the issue date.  The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 29 of the Complaint.

30.    The Reliant Defendants admit that the '285 patent is entitled "Multiple Format Telephonic Interface Control System," and on its face names Ronald A. Katz as inventor and lists September 27, 1994 as the issue date.  The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 30 of the Complaint.

31.    The Reliant Defendants admit that the '863 patent is entitled "Telephonic-Interface Statistical Analysis System," and on its face names Ronald A. Katz as inventor and lists November 4, 1997 as the issue date.  The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 31

of the Complaint.

32.     The Reliant Defendants admit that the '551 patent is entitled "Telephonic-Interface Statistical Analysis System," and on its face names Ronald A. Katz as inventor and lists September 29, 1998 as the issue date.    The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 32 of the Complaint.

33.     The Reliant Defendants admit that the '734 patent is entitled "Telephone Interface Call Processing System with Call Selectivity," and on its face names Ronald A. Katz as inventor and lists October 27, 1998 as the issue date.    The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 33 of the Complaint.

34.     The Reliant Defendants admit that the '762 patent is entitled "Telephonic-Interface Statistical Analysis System," and on its face names Ronald A. Katz as inventor and lists April 27, 1999 as the issue date.    The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 34 of the Complaint.

35.     The Reliant Defendants admit that the '893 patent is entitled "Multiple Format Telephonic Interface Control System," and on its face names Ronald A. Katz as inventor and lists June 29, 1999 as the issue date.    The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 35 of the Complaint.

36.     The Reliant Defendants admit that the '120 patent is entitled "Telephone Interface Call Processing System with Call Selectivity," and on its face names Ronald A. Katz as inventor

and lists October 26, 1999 as the issue date. The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 36 of the Complaint.

37.     The Reliant Defendants admit that the '065 patent is entitled "Telephonic-Interface Statistical Analysis System," and on its face names Ronald A. Katz as inventor and lists November 14, 2000 as the issue date. The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 37 of the Complaint.

38.     The Reliant Defendants admit that the '965 patent is entitled "Voice Data Telephonic-Interface Control System," and on its face names Ronald A. Katz as inventor and lists January 1, 2002 as the issue date. The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 38 of the Complaint.

39.     The Reliant Defendants admit that the '134 patent is entitled "Telephonic-Interface Statistical Analysis System," and on its face names Ronald A. Katz as inventor and lists February 19, 2002 as the issue date. The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 39 of the Complaint.

40.     The Reliant Defendants admit that the '703 patent is entitled "Telephonic-Interface Lottery System," and on its face names Ronald A. Katz as inventor and lists July 23, 2002 as the issue date. The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 40 of the Complaint.

41.     The Reliant Defendants admit that the '223 patent is entitled "Telephone Interface

Call Processing System With Call Selectivity," and on its face names Ronald A. Katz as inventor and lists August 13, 2002 as the issue date. The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 41 of the Complaint.

42.    The Reliant Defendants admit that the '415 patent is entitled "Telephonic-Interface Game Control System," and on its face names Ronald A. Katz as inventor and lists January 28, 2003 as the issue date. The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 42 of the Complaint.

43.    The Reliant Defendants admit that the '360 patent is entitled "Telephonic-Interface Statistical Analysis System," and on its face names Ronald A. Katz as inventor and lists January 13, 2004 as the issue date. The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 43 of the Complaint.

<u>**FIRST CLAIM**</u>
**(PATENT INFRINGEMENT BY RELIANT DEFENDANTS)**

44.    The Reliant Defendants incorporate by reference their responses to paragraphs 1-43 as though fully set forth herein.

45.    The Reliant Defendants admit that among their business activities are those stated in paragraph 45 of the Complaint.

46.    The Reliant Defendants admit that Reliant Energy Retail Services, LLC has systems that enable its customers to obtain various customer services over the telephone. The Reliant Defendants deny the remaining averments of Paragraph 46 of the Complaint.

47.    The Reliant Defendants are without knowledge or information sufficient to form a

belief as to the truth of the averments of Paragraph 47 of the Complaint.

48.    The Reliant Defendants deny the averments of paragraph 48 of the Complaint.

49.    The Reliant Defendants deny the averments of paragraph 49 of the Complaint.

50.    The Reliant Defendants deny the averments of paragraph 50 of the Complaint.

51.    The Reliant Defendants deny the averments of paragraph 51 of the Complaint.

### SECOND CLAIM
### (PATENT INFRINGEMENT BY PEPCO DEFENDANTS)

52.    The Reliant Defendants incorporate by reference their responses to paragraphs 1-51 as though fully set forth herein.

53.    The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 53 of the Complaint.

54.    The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 54 of the Complaint.

55.    The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 55 of the Complaint.

56.    The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 56 of the Complaint.

57.    The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 57 of the Complaint.

58.    The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 58 of the Complaint.

59.    The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 59 of the Complaint.

**THIRD CLAIM**
**(PATENT INFRINGEMENT BY DUKE ENERGY DEFENDANTS)**

60.     The Reliant Defendants incorporate by reference their responses to paragraphs 1-59 as though fully set forth herein.

61.     The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 61 of the Complaint.

62.     The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 62 of the Complaint.

63.     The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 63 of the Complaint.

64.     The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 64 of the Complaint.

65.     The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 65 of the Complaint.

66.     The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 66 of the Complaint.

67.     The Reliant Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 67 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**
**(NON-INFRINGEMENT)**

68.     The Reliant Defendants, individually or collectively, do not infringe and have not infringed, either directly or indirectly any valid claim of any of the patents identified in paragraph 47 of the Complaint (the '065, '120, '134, '150, '223, '252, '285, '360, '551, '734, '762, '863, '893, '965, '968, and '984 patents).

## SECOND AFFIRMATIVE DEFENSE
### (INVALIDITY)

69.    On information and belief, if construed to cover the activities of the Reliant Defendants, any of the claims of the patents identified in paragraph 47 of the Complaint would be invalid, *inter alia*, at least for being anticipated under 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103; or for failing to comply with the requirements of 35 U.S.C. § 112, first or second paragraphs.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

As for their counterclaim against Katz, the Reliant Defendants allege and aver as follows:

## GENERAL ALLEGATIONS AND PARTIES

70.    Reliant Energy, Inc. is a Delaware corporation with its principal place of business at 1000 Main Street, Houston, Texas 77002.

71.    Reliant Energy Retail Services, LLC is a limited liability company organized under the laws of the State of Delaware and a subsidiary of Reliant Energy, Inc., with its principal place of business at 1000 Main St, Houston, Texas 77002.

72.    On information and belief, Katz is a limited partnership organized under the laws of the State of California, with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California, 90069.

73.    This court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a) pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202.

74.    Katz is subject to personal jurisdiction in this judicial district.

75.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

11

76.    In its Complaint, Katz asserts that it is the sole holder of the entire right, title and interest in the '065, '120, '134, '150, '223, '252, '285, '360, '551, '734, '762, '863, '893, '965, '968, and '984 patents.

77.    In its Complaint, Katz asserts that the Reliant Defendants have infringed and continue to infringe the patents identified in paragraph 47 of the Complaint (the '065, '120, '134, '150, '223, '252, '285, '360, '551, '734, '762, '863, '893, '965, '968, and '984 patents).

## FIRST COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

78.    The Reliant Defendants incorporate by reference their averments in paragraphs 70-77 as though fully set forth herein.

79.    The Reliant Defendants, individually or collectively, do not infringe and have not infringed, either directly or indirectly any valid claim of any of the patents identified in paragraph 47 of the Complaint (the '065, '120, '134, '150, '223, '252, '285, '360, '551, '734, '762, '863, '893, '965, '968, and '984 patents).

80.    The Reliant Defendants are entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that the Reliant Defendants have not infringed and do not infringe, directly or indirectly, any valid claim of the patents asserted against them.

## SECOND COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY)

81.    The Reliant Defendants incorporate by reference their averments in paragraphs 70-80 as though fully set forth herein.

82.    On information and belief, if construed to cover the activities of the Reliant Defendants, any of the claims of the patents identified in paragraph 47 of the Complaint would be invalid, *inter alia*, at least for being anticipated under 35 U.S.C. § 102 or obvious under 35

U.S.C. § 103; or for failing to comply with the requirements of 35 U.S.C. § 112, first or second paragraphs.

83.    The Reliant Defendants are entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that the claims of the patents asserted against them are invalid.

## DEMAND FOR JURY TRIAL

The Reliant Defendants/Counterclaim Plaintiffs demand a jury trial of all issues triable by right of jury.

## PRAYER

WHEREFORE, the Reliant Defendants pray for judgment that:

1.    Katz be denied all relief requested in its Complaint and take nothing;

2.    Judgment be entered that the Reliant Defendants have not infringed, directly or indirectly, any valid claim of the '065, '120, '134, '150, '223. '252. '285, '360, '551, '734, '762, '863, '893, '965, '968, and '984 patents as properly construed, literally or under the doctrine of equivalents;

3.    Judgment be entered that one or more claims asserted by Katz of the '065, '120, '134, '150, '223. '252. '285, '360, '551, '734, '762, '863, '893, '965, '968, and '984 patents are invalid;

4.    The Reliant Defendants be awarded their costs and attorneys' fees; and

5.    The Reliant Defendants be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted,

BIFFERATO GENTILOTTI BIDEN & BALICK, LLC

Joanne Ceballos (#2854)
711 King Street
Wilmington, DE  19801-3503
302.429.1900
jceballos@bgbblaw.com

Mitchell D. Lukin
Scott F. Partridge
Amanda Woodall Mayor
Larissa A. Piccardo
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
713.229.1234

*Attorneys for Reliant Energy, Inc., and Reliant Energy
Retail Services, LLC*

Dated: October 26, 2006

## CERTIFICATE OF SERVICE

I, Joanne Ceballos, hereby certify that on the 26th day of October 2006, the foregoing

Answer, Defenses and Counterclaims was filed electronically with the Clerk of Court and served

as follows:

### VIA CM/ECF ELECTRONIC FILING

Mary B. Graham, Esquire
MORRIS, NICHOLS, ARSHT
  & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
mbgefiling@mnat.com

Dale A. Rice, Esquire
Michael K. Plimack, Esquire
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104
dale.rice@hellerehrman.com
michael.plimack@hellerehrman.com

Andrew C. Byrnes, Esquire
Robert T. Haslam, Esquire
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025
andrew.byrnes@hellerehrman.com
robert.haslam@hellerehrman.com

### VIA E-MAIL

Richard M. McDermott, Esquire
Patrick J. Flinn, Esquire
Dwayne C. Norton, Esquire
Alston & Bird LLP
Bank of America Plaza
101 South Tryon Street, Suite 4000
Houston, Texas 77002-4995
rick.mcdermott@alston.com
patrick.flinn@alston.com
dwayne.norton@alston.com

Jeffrey S. Standley, Esquire
James L. Kwak, Esquire
F. Michael Speed, Jr., Esquire
Michael Stonebrook, Esquire
Standley Law Group LLP
495 Metro Place South, Suite 210
Dublin, OH 43017-5319
litigation@standleyllp.com

Joanne Ceballos