IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-543 (GMS) |
| RELIANT ENERGY, INC., et al., | ) ) | |
| Defendants. | ) ) | |

## NOTICE OF FILING OF DOCUMENTS
## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

PLEASE TAKE NOTICE that Plaintiff Ronald A. Katz Technology Licensing, L.P. filed the documents attached as Exhibit A before the Judicial Panel on Multidistrict Litigation. The attached documents are relevant to the following civil actions pending in the District of Delaware before Judge Sleet: C.A. Nos. 06-543 (GMS), 06-544 (GMS), 06-545 (GMS), 06-546 (GMS) and 06-547 (GMS).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

_____

Mary B. Graham (#2256)
Julia Heaney (#3052)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
302.658.9200

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

OF COUNSEL:

Robert T. Haslam
Andrew C. Byrnes
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025-3506
650.324.7000

Michael K. Plimack
Dale A. Rice
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
415.772.6000

November 8, 2006
544694

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 8, 2006, I electronically filed the foregoing

document with the Clerk of Court using CM/ECF, which will send notification of such filing to

the following Joanne Ceballos.

Additionally, I hereby certify that true and correct copies of the foregoing were

caused to be served on November 8, 2006 upon the following individuals in the manner

indicated:

<b><u>BY EMAIL</u></b>

Joanne Ceballos
Bifferato, Gentilotti, Biden & Balick, P.A.
jceballos@bgbblaw.com

Mitchell D. Lukin
Baker Botts LLP
Mitch.lukin@bakerbotts.com

Jeffery S. Standley
Standley Law Group LLC
jstandley@standleyllp.com

Richard M. McDermott
Alston & Bird LLP
Rick.mcdermott@alston.com

*/s/ Julia Heaney*

_____
Julia Heaney (#3052)
jheaney@mnat.com

EXHIBIT A

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **In re:** | **MDL Docket No. 1816** |
| **Katz Interactive Call Processing Patent Litigation** | |

### PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S RESPONSE TO DEFENDANT TARGET'S MOTION FOR TRANSFER AND CONSOLIDATION OF KATZ INTERACTIVE CALL PROCESSING PATENT LITIGATION PURSUANT TO 28 U.S.C. § 1407

STEPHEN C. NEAL (170085)
JANET L. CULLUM (104336)
ANTHONY M. STIEGLER (126414)
JOHN S. KYLE (199196)
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Attorneys for Plaintiff
Ronald A. Katz Technology Licensing, L.P.

In accordance with 28 U.S.C. Section 1407 and Rules 7.1(b) and 7.2(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz"), respectfully submits this Opposition to the Motion for Transfer and Consolidation of Katz Technology Licensing Patent Litigation ("Motion") filed by Defendants Target Corporation, Target Bank, and Target National Bank (collectively "Target"), dated October 17, 2006. Katz' Opposition is supported by the accompanying Memorandum of Law, the Declaration of Nathan K. Cummings (Exhibit 1), the Declaration of Christine K. Hsieh (Exhibit 2) and Exhibits 3 through 38; all exhibits are contained in the Appendix of Exhibits, served and filed herewith.

1.      Katz admits that Target's Motion seeks to transfer and consolidate twenty-five actions and that Target attaches a schedule of twenty-five actions as Exhibit A. Katz denies that it initially filed twenty-five actions for patent infringement and that it filed twenty-three of those actions within the last two months as stated by Target. As pertinent to the Motion, Katz filed ten patent infringement actions, five in the Eastern District of Texas, five in the District of Delaware (the "Katz Actions") and, as subsequently amended, the actions name 175 defendants. Katz filed two of those actions in the Lufkin Division of the Eastern District of Texas: *Ronald A. Katz Tech. Licensing, L.P. v. Chevron Corporation, et al.,* No. 9:06-CV-178 (Lufkin Division); and *Ronald A. Katz Tech. Licensing, L.P. v. Alltel Corporation, et al.,* No. 9:06-CV-177 (Lufkin Division). The assigned judge in Lufkin *sua sponte* divided those two cases into fifteen separate actions, indicating that he intends to jointly administer the cases. Katz further admits that each of the Katz Actions was designated as a related case to the earlier filed case, *Ronald A. Katz Tech. Licensing L.P. v. Citibank, N.A.,* 5:05-CV-142 ("Citibank Action").

2.      Katz admits that it is a limited partnership organized under the laws of the State of California and having a principal place of business in Los Angeles, California and further admits that Ronald A. Katz is the founder of Katz and is the sole named inventor of each of the patents asserted in the Katz Actions.

3.      Katz admits that each of the Katz Actions involves patents Katz refers to as

**RESPONSE TO MOTION FOR TRANSFER AND CONSOLIDATION (CASE NO 1816)**

"interactive call processing patents." Katz further admits that more than fifty United States patents have issued to Ronald A. Katz for his inventions in the interactive call processing field, including the twenty-seven patents asserted in the Katz Actions.

4.    Katz admits that the Katz Actions assert that each of the defendants infringe certain of Katz's interactive call processing patents by making, using, offering to sell and/or selling automated telephone systems.

5.    Katz admits that it has previously filed two infringement actions involving some of its interactive call processing patents and that the two courts in which those actions were filed have some experience with some of Katz's interactive call processing patents. Katz further admits that some of the patents involved in this litigation were previously asserted in *Katz v. AT&T Corporation* and related companies in the United States District Court for the Eastern District of Pennsylvania in 1997 and that Judge Lowell A. Reed issued a 63-page claim construction order in connection with that case found at 63 F.Supp.2d 583 (E.D. Pa. 1999) and which speaks for itself. Katz denies that the order construed claim terms from five of the patents; Judge Reed's order construed terms from six of the patents.

6.    Katz admits that fourteen of its patents involved in the Katz Actions were the subject of a declaratory judgment action and related counterclaim in the United States District Court for the Central District of California styled *Verizon Cal., Inc. v. Ronald A. Katz Tech. Licensing, L.P.*, No. 1-CV-9871 (C.D. Cal.) ("the *Verizon* case"), and that two additional Katz patents were at issue in that case which are not at issue in the Katz Actions. Katz further admits that the case was assigned to Judge R. Gary Klausner and that the case was pending in that Court for two years and eight months. Katz denies Target's characterization of the *Verizon* case as "closely-related" to the Katz Actions in that, while certain overlapping patents were at issue, the defendants in that action were different and those defendants' systems were unique to each defendant in that case. Katz admits that the *Verizon* case settled six weeks before trial was set to commence.

**RESPONSE TO MOTION FOR TRANSFER AND CONSOLIDATION (CASE No 1816)**

7.      Katz admits that in the claim construction order issued in the *Verizon* case on June 23, 2003, which can be found at 326 F.Supp.2d 1060 (C.D. Cal. 2003) and which speaks for itself, Judge Klausner construed some of the same terms from the Katz patents at issue in the *AT&T* case, as well as some terms not previously construed by Judge Reed in the *AT&T* case. Judge Klausner construed terms from only ten of the patents involved in the Katz Actions.

8.      Katz admits that cross motions for summary judgment were made in the *Verizon* case. Judge Klausner's orders and the proceedings including the dismissals subsequent thereto are matters of record in the *Verizon* action and speak for themselves.

9.      Katz admits that it filed a lawsuit in July 2005 styled *Ronald A. Katz Tech. Licensing, L.P. v. Citibank N.A., et al.*, No. 5:05-CV-142 (E.D. Tex.) (Texarkana Division) against multiple defendants. Katz further admits that its amended complaint in the *Citibank* case asserted twenty-two (22) of the Katz interactive call processing patents. Katz admits that Judge Folsom on August 1, 2006 issued the following Order:

> ORDERED that in addition to the 10 patent claims selected by Plaintiff on May 16, 2006 (Docket No. 128), Plaintiff is permitted to select up to 8 additional patent claims under the following restrictions: (1) each additional patent claim selected by Plaintiff must come from a patent not previously asserted in the patent claims selected on May 16, 2006 (Docket No. 128); (2) only one claim per patent may be selected; (3) each additional claim selected must come from the set of 48 claims asserted by Plaintiff against the Defendants in Plaintiff's Supplemental Disclosures of Asserted Claims and Preliminary Infringement Contentions, served on February 27, 2006; and (4) each of the additional selected claims may only be asserted against a defendant against whom that claim was previously asserted pursuant to Plaintiff's Supplemental Disclosures of Asserted Claims and Preliminary Infringement Contentions. It is further
>
> ORDERED that with respect to patents from which Plaintiff did not select any of its 10 claims on May 16, 2006 (Docket No. 128) and for which Plaintiff does not select any of its up to 8 additional claims, the claims and counterclaims of all parties shall be severed pursuant to Rule 21 of the Federal Rules of Civil Procedures, and the severed action along with any corresponding discovery shall be stayed.

10.     Katz admits that on August 21, 2006, Katz filed five actions in three different divisions of the United States District Court for the Eastern District of Texas and that subsequently the district court in the Lufkin Division *sua sponte* split two of these actions into fifteen separate actions, with the Court noting that it would manage the cases in a coordinated

**RESPONSE TO MOTION FOR TRANSFER AND CONSOLIDATION (CASE NO 1816)**

fashion. Katz admits that twenty separate actions are now pending in the Eastern District of Texas.

11.    Katz admits that on September 1, 2006, it filed five additional actions in the United States District Court for the District of Delaware.

12.    Katz admits that all of the twenty five actions were filed in federal court.

13.    Katz admits that each of the actions alleges infringement of patents from Katz's interactive call processing patent portfolio and that some of the patents are asserted in more than one of the Katz Actions. Katz admits that attached to Target's Motion are two tables, Exhibits B and C which purport to show the asserted patents and the Katz Actions in which they are asserted in Texas and Delaware, respectively.

14.    Katz admits that some of the answers and counterclaims filed to date in the Katz Actions assert some overlapping defenses of invalidity and unenforceability. Katz lacks sufficient information and knowledge to allow it to answer the balance of the purported averments set forth in paragraph 14 of Target's Motion and therefore denies them.

15.    Katz denies that no answers have been filed in the Katz Actions and states that all defendants in some cases and the large majority of defendants across all cases have answered and counterclaimed and at least two case management conferences have been scheduled and one court has issued orders as part of his announced plan to jointly administer the cases. Katz admits that no trial date has yet been set in the Katz Actions. Katz admits that the *Discover* case resulting from Judge Folsom's August 1 Order was stayed in August 2006, pending final resolution of the *Citibank* case. Katz denies all remaining allegations in paragraph 15 of Target's Motion.

16.    Katz admits that an Amended Docket Control Order dated May 8, 2006 in the *Citibank* case reflects that summary judgment motions are due to be filed February 2, 2007, and that trial is set to begin May 8, 2007.

17.    Katz denies that there have been no substantive orders made in the *Citibank* or *Discover* cases. Judge Folsom has issued case management orders, orders regarding claim

selection, an order severing and staying claims and certain discovery orders. Judge Folsom has also presided over extensive briefing, a tutorial and a hearing on claim construction under the *Markman* decision and is expected shortly to issue his claim construction order. Katz admits that the *Citibank* case is not within six weeks of trial as was the *Verizon* case at the time it settled but states that it is far advanced toward trial with extensive substantive work accomplished to date. Katz further states that the claim construction order which is imminent will trigger deadlines that will move the *Citibank* case quickly toward trial.

18.    Katz admits that a claim construction hearing was held in the *Citibank* case on September 20, 2006 and admits that Target and American Airlines filed emergency motions in the *Citibank* case seeking consolidation with the *Citibank* case of the cases in which Target and American Airlines, respectively, are defendants and continuance of that hearing. Katz admits that it opposed those motions and states that those motions were denied by Judge Folsom. Katz lacks information and knowledge sufficient to admit or deny the remaining allegations in this paragraph and therefore denies the averments.

19.    Katz denies that Judge Klausner is the most experienced judge in the country with regard to the Katz patents. Katz submits that Judge Folsom is the judge with the most current and extensive knowledge of the Katz patents based on his management of the *Citibank* case for the past fifteen months, his substantive rulings on claim selection, his appointment of a technical expert, and the extensive briefing, tutorial and hearing before him on claim construction.

20.    Katz admits that, due to the overlapping patents at issue in the Katz Actions, there will be some common issues of fact as to the technology underlying the patents and on validity and unenforceability issues but submits that, even as to those issues, there will be facts unique to each defendant and further submits that those common issues of fact are not so numerous as to warrant consolidation, particularly in light of the more numerous, complex and unresolved issues of infringement unique to each of the defendants.

21.    Katz denies that common issues of fact on damages predominate and, although Katz admits that Katz will seek damages in the form of a reasonable royalty, Katz submits that

**RESPONSE TO MOTION FOR TRANSFER AND CONSOLIDATION (CASE NO 1816)**

fact issues on damages unique to each defendant will predominate because the majority of the Georgia-Pacific factors are defendant specific.

22.    Denied.  Consolidation and transfer of the Katz Actions is inappropriate because (i) insufficient common issues of fact exist in that each defendant's accused system is unique and presents individualized infringement and damages issues, (ii) the inconvenience to the parties, witnesses, and courts outweigh any purported efficiencies to be gained by consolidation and transfer, and (iii) the substantial disruption and delay of consolidation and transfer would impede the resolution of all the cases.

23.    Denied.   If the Panel decides that consolidation is appropriate, transfer to the Eastern District of Texas is the most logical because: (i) it has the greatest number of pending Katz Actions, (ii) it has the most recent knowledge and experience with the legal and factual issues; (iii) it is the most convenient and efficient venue for the largest number of parties; (iv) it is one of the most experienced patent litigation trial courts in the country and has implemented patent litigation rules to streamline such cases; (v) and has more docket capacity and ability to absorb these cases than the Central District of California.

Dated: November 3, 2006

By: _____
ANTHONY M. STIEGLER (126414)
STEPHEN C. NEAL (170085)
JANET L. CULLUM (104336)
JOHN S. KYLE (199196)
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Attorneys for Respondent
Ronald A. Katz Technology Licensing, L.P.

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re:<br><br>**Katz Interactive Call Processing Patent Litigation** | **MDL Docket No. 1816** |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO TARGET'S MOTION FOR TRANSFER AND CONSOLIDATION OF KATZ TECHNOLOGY LICENSING PATENT LITIGATION PURSUANT TO 28 U.S.C. § 1407

STEPHEN C. NEAL (170085)
JANET L. CULLUM (104336)
ANTHONY M. STIEGLER (126414)
JOHN S. KYLE (199196)
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663


Attorneys for Respondent
RONALD A. KATZ TECHNOLOGY LICENSING, L.P.

Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz") submits this Memorandum of Law in Opposition to the Motion of Defendants Target Corporation, Target Bank, and Target National Bank (collectively "Target") for Transfer and Consolidation of Katz Technology Licensing Patent Litigation Pursuant to 28 U.S.C. § 1407 ("Motion").

## I.    INTRODUCTION

Consolidation and transfer of these patent infringement cases is not warranted because: (1) insufficient common issues of fact exist in that each defendant's accused system is unique and presents individualized infringement and damages issues; (2) neither convenience nor judicial efficiency would be achieved by imposing these numerous cases on a single court in an already over-burdened judicial district where no related case is currently pending; and (3) the substantial disruption and delay of consolidation and transfer would impede the resolution of all cases.  Many of the defendants join Katz in opposing this motion and are working towards proposed stipulations to avoid duplicative discovery and to coordinate case management among the segregated cases.  This indicates that many of those most familiar with these cases believe that the motion should be denied and would not yield efficiencies for the parties or courts.

Consolidation and transfer is particularly inappropriate because of the status of one of the cases, *Ronald A. Katz Tech. Licensing, L.P. v. Citibank, et. al.*, (the "*Citibank* case"), which is currently pending before the Hon. David Folsom in the Eastern District of Texas ("E.D. Texas") and is set for trial on May 8, 2007.  The parties and the court have invested substantial resources on numerous substantive motions and case management matters, including issuance of a comprehensive scheduling order and case management plan, appointment of a technical expert for the court, a tutorial hearing, extensive *Markman* patent claim construction briefing and argument and multiple discovery activities and motions.  Judge Folsom's *Markman* order is anticipated shortly and will inform the parties about the scope and interpretation of the patents, shape the litigation for expeditious movement to trial, and may foster settlement discussions, all of which would be disrupted and delayed by consolidation and transfer.  Thus, while Katz urges that consolidation and transfer is not necessary at all, if the Panel concludes otherwise, the

*Citibank* case should be excluded from such an order.

If the Panel determines that consolidation and transfer is appropriate, the transferee court should be the E.D. Texas because it: (i) is in the state where more defendants reside than any other; (ii) is centrally located and most accessible to the largest number of parties and witnesses; (iii) has the infrastructure to support MDL litigation; (iv) has enacted and regularly administers a set of patent litigation rules enabling the expeditious and efficient resolution of patent cases; (v) is one of the plaintiff's two chosen venues; (vi) has the least crowded docket of any of the relevant districts which would likely be a transferee court; (vii) is the district in which the most cases are currently pending involving the Katz patents; and (viii) has current and extensive legal and practical experience with the Katz patents by virtue of the time and resources that the Court and its technical advisor have invested to manage and decide issues in the *Citibank* case. By contrast, Target's proposed venue, the Central District of California ("C.D. California"), has no Katz patent case currently pending, is one of the most over-burdened courts in the country and is inconvenient to the overwhelming majority of the defendants and witnesses.

The Katz cases are presently distributed among four federal judges who are well versed and skilled in patent litigation and who are already actively managing the cases. Contrary to the picture painted by Target, the cases are progressing expeditiously. Answers and counterclaims have been filed in most of the cases, at least two case management conferences are scheduled, and pre-discovery Rule 26 communications among counsel are well underway. Moreover, to the extent common issues exist about the technology, the patents, or their validity and/or enforceability, the potential for duplicative discovery is minimal because of the extensive prior litigation of the Katz patents, and because of the willingness of the non-movant parties to enter into stipulations to share and otherwise coordinate discovery and manage the cases. Conversely, consolidation of the patent actions, which undisputedly present unique issues of infringement and damages as to 175 defendants, and transfer of those cases to a single judge, would create an overwhelmingly complex proceeding certain to result in delay and added expense for all parties.

## II.    FACTUAL BACKGROUND

Katz is the plaintiff in actions pending in the E.D. Texas (filed in 2005 and 2006) and in the District of Delaware (filed in 2006). In total, there are dozens of defendant groups and 175 separate corporate defendants in these various actions, most of whom are large corporations with widespread businesses. Given the number of defendants, their size and their reach, it was not feasible for a single law firm to represent Katz against all of the defendants. Instead, Katz has two primary outside law firms handling these matters: (1) Cooley Godward Kronish LLP is counsel in all of the Texas cases; and (2) Heller Ehrman LLP is counsel in all of the Delaware cases. While jurisdiction and venue were the primary factors considered in selecting the two venues, ethical conflicts were also considered in dividing the defendants and filing in separate venues.[1]

### A.    The Katz Patent Actions in the E.D. Texas

Katz owns a portfolio of interactive call processing patents which are directed to the integration of telephone systems with computer databases and live operator call centers to provide interactive call processing services, which are sometimes referred to as interactive voice response, or "IVR", systems. Katz has licensed its patents to over 150 companies and filed several patent infringement cases, all resolved prior to trial, including the *AT&T* and *Verizon* cases cited in Target's motion. There is also an extensive record of proceedings on the Katz patents before the United States Patent and Trademark Office ("USPTO"). In 2005 and again in 2006, Katz filed additional cases in the E.D. Texas and in the District of Delaware, as follows:

### 1.    RAKTL v. Citibank et al., Civ. Action No. 5:05-CV-142-DF

In July 2005, Katz filed in the E.D. Texas, Texarkana Division, against defendants in three different industries, namely Citibank entities, Discover entities, T-Mobile entities and Wal-Mart entities (collectively the "*Citibank* Defendants"). The *Citibank* case was assigned to the

---

[1] While it would be possible to manage the conflict issues if the cases are consolidated, proper management of those ethical issues would be facilitated by allowing the cases to proceed in separate courts. We are aware of no prior published motion or proceeding before the JPML raises this type of conflict issue, it should be an appropriate factor for consideration and one that militates against consolidation of these cases.

Honorable David Folsom.[2]  The *Citibank* case alleges infringement of 22 patents and is far advanced toward its May 8, 2007 trial date.  In accordance with the Local Patent Rules implemented in E.D. Texas, on December 15, 2005, Katz served its preliminary infringement contentions.  Each defendant then served its invalidity contentions, alleging indefiniteness, anticipation and obviousness and seeking to invalidate each of the claims asserted by Katz.[3]

In connection with the court's January 2006 Scheduling Conference, Judge Folsom gave considerable thought to managing a case involving the infringement of hundreds of claims in 22 patents, by scores of infringing systems, operated by different defendant groups in different industries, and took early steps to streamline the case.  *See, e.g.,* Ex. 3, Joint Conference Report at 3, 8, 9, and Ex. 4, Defendants' Report in Response to Court's May 24, 2006 Order at 7-8. Judge Folsom set an aggressive schedule and has held the parties to it.  Ex. 5, May 8, 2006 Amended Docket Control Order.  Judge Folsom also identified and appointed a technical advisor, Mr. Gale R. Peterson, to advise the court on technology issues, and the court has now overseen all aspects of the *Citibank* case for more than 15 months, including all claim construction and discovery issues.

> **a.    Judge Folsom's Management of the Number of Asserted Claims and Severance of the *Discover* Action**

After extensive briefing in May and June 2006 Judge Folsom ordered that the parties would litigate representative claims from among the hundreds at issue in the case.  At Judge Folsom's direction, Katz selected 18 representative claims from 16 different patents.[4]

> **b.    Discovery and Other Pretrial Matters**

Discovery in the *Citibank* case has progressed for almost a year.  The parties have

---

[2] The facts concerning the *Citibank* case are supported by the Declaration of Nathan C. Cummings, Ex. 1, filed and served herewith ("Cummings Decl.").

[3] In the course of these filings, the Citibank entities took a license to the Katz patents and were dismissed, leaving the Discover, T-Mobile and Wal-Mart entities as defendants.

[4] On August 16, 2006 Judge Folsom issued a further order to preserve Katz's due process rights to assert additional patents infringed by the *Citibank* Defendants, severing the remaining patents into a separate action, which is stayed pending resolution of the current action.  *See* Ex. 6, August 16, 2006 Order Severing Certain of Plaintiff's Claims and Defendants' Defenses and Counterclaims & Staying the Severed Action.

collectively produced over two million pages of documents and the defendants' document productions are ongoing. The parties have served, answered and supplemented their interrogatories and Katz has served Rule 34 notices to inspect defendants' call center premises and Rule 30(b)(6) deposition notices on various topics and recently took the depositions of T-Mobile, Wal-Mart and Discover employees. Judge Folsom has heard and decided a number of discovery issues throughout the case and currently has a number of issues under consideration.

c.        The September 19-20, 2006 *Markman* and Tutorial Hearing

On September 19-20, 2006 Judge Folsom and his technical advisor held the court's *Markman*[5] hearing and a technical tutorial presented by the parties. The court presently has those *Markman* issues under submission and the parties are awaiting the court's order. Defendants originally identified over 1600 terms for construction, and ultimately briefed about 40 terms, with one defendant, T-Mobile, briefing approximately 20 additional claim terms, and Katz briefing about 60 claim terms.[6] The claim construction briefing took place between July through September 2006 and included 160 pages of detailed explanations of the IVR and call center services and technology to support the parties' claim term contentions.

Once the court issues its *Markman* order, a series of events and deadlines will be set in motion under the court's local rules that will put the *Citibank* case on the fast-track to trial.[7] Consolidation and transfer would disrupt this case at a critical juncture, impose significant delay, and potentially waste substantial work product.

2.        Recent Additional Patent Actions in the E.D. Texas

On August 21, 2006, Katz filed five new actions in the E.D. Texas, in different divisions to avoid overburdening any one judge, naming defendants who were selected and organized

---

[5] *Markman v. Westview Instruments, Inc.*, 517 U.S. 370; 116 S.Ct. 1384 (1996).
[6] T-Mobile's addition of proposed terms reflects that differences in accused systems among defendants produce additional terms for construction, raising the potential for a very large number of claims for construction in a proceeding with 175 defendants.
[7] For example, fact discovery closes 80 days after the order and the close of expert discovery is 60 days thereafter. Accordingly, the *Citibank* parties will be actively engaged in final fact and expert discovery, as well as in dispositive motion briefing over the next three to six months, all culminating in trial starting on May 8, 2007. Ex. 5, Amended Docket Control Order.

largely according to industries and/or use of similar accused systems.[8]  This grouping was designed to achieve case specific efficiencies, including allowing the selection of representative claims that are common to a discrete set of defendants.

### a.    RAKTL v. American Electric Power, et al.; RAKTL v. American Airlines, et al.

Two of the actions are pending before Judge Folsom: *Ronald A. Katz Tech. Licensing, L.P. v. American Electric Power Company, Inc.*, No. 5:06-CV-188 (E.D. Tex.) (Texarkana Division); and *Ronald A. Katz Tech. Licensing, L.P. v. American Airlines*, No. 2:06-CV-334. (E.D. Tex.) (Marshall Division).  Including the severed *Discover* action, Judge Folsom presides over four of the Katz actions in the E.D. Texas.  The *American Electric* action asserts 20 patents against 9 defendants in the energy/utility industries.  All defendants have answered and counterclaimed and the Magistrate has set the Rule 26(f) conference for December 12, 2006.  Ex. 7, Docket.  The *American Airlines* action asserts 20 patents against 12 defendants in the travel and hospitality industry.  All defendants but one have answered and counterclaimed.  Ex. 8, Docket.

### b.    RAKTL v. Aetna

On August 21, 2006, Katz filed the *Ronald A. Katz Tech. Licensing, L.P. v. Aetna, Inc.*, No. 2:06-CV-335 (E.D. Tex.) (Marshall Division) case against defendants who provide automated prescription refills.  This case was assigned to Judge Ward and asserts 19 patents against 15 defendants.  All defendants but one have answered and counterclaimed.  Ex. 9, Docket.

### c.    RAKTL v. Alltel; RAKTL v. Chevron

On August 21, 2006, Katz filed two actions in the Lufkin Division of the E.D. Texas: *Ronald A. Katz Tech. Licensing, L.P. v. Chevron Corp., et al.*, No. 9:06-CV-178 (E.D. Tex.) (Lufkin Division); and *Ronald A. Katz Tech. Licensing, L.P. v. Alltel Corp., et al.*, No. 9:06-CV-

---

[8] Katz filed a sixth action, *RAKTL v. Genesys Conferencing, Inc.*, E.D. Tex. Case No. 5:06-CV-187; Target appropriately excluded the *Genesys* Case from its Motion because different patents are asserted in that case.

177 (E.D. Tex.) (Lufkin Division). The *Chevron* case focuses primarily on defendants in the financial services area, while the *Alltel* case focuses on defendants in the communications industry. The cases were assigned to Judge Clark who, on September 7, 2006, *sua sponte* divided them into fifteen separate actions "to promote efficiency and administrative ease" for the Court. *See* Target Ex. 13, *Chevron* Order, and Target Ex. 12, *Alltel* Order. Judge Clark has indicated that he will jointly administer these cases "to promote efficient use of judicial and party resources." *Id.* All defendants in the *Chevron* case have answered and counterclaimed. All defendants but three in the *Alltel* case have answered and counterclaimed. Exs. 10 to 24, Dockets.

### B.    The Katz Patent Actions in the District of Delaware

On September 1, 2006, Katz, through the Heller Erhman LLP firm for the aforementioned conflict of interest purposes, filed an additional five cases in the District of Delaware against defendants with a jurisdictional nexus to that venue. These actions are all pending in the Wilmington Division before Judge Gregory Sleet, who is an experienced jurist well able to manage large patent litigation cases with multiple parties. In four of the actions, all defendants have already answered and counterclaimed. In the fifth action, Katz filed a first amended complaint on October 25, 2006. Exs. 25 to 29, Dockets. Katz understands that a significant majority of the Delaware defendants oppose Target's motion for consolidation and desire to remain in Delaware.

### III.    CONSOLIDATION IS NOT APPROPRIATE FOR THESE CASES AND WOULD FRUSTRATE THE CONVENIENCE OF THE PARTIES AND JUDICIAL EFFICIENCY

To grant a motion for transfer and consolidation the Panel must find that (a) the actions involve common issues of fact, (b) transfer would be for the convenience of the parties and witnesses, and (c) transfer would promote the just and efficient conduct of the actions. 28 U.S.C. § 1407. Transfer and consolidation are, however, not automatic even where multiple actions raise some similar issues. *In re Truck Accident Near Alamogordo,* 387 F. Supp. 732, 733 (J.P.M.L. 1975) ("the existence of common, if not identical, common questions of fact ... is not

sufficient, by itself to warrant transfer"). The crucial question on this motion is whether Target has shown that, even notwithstanding some overlap in questions of fact, the economies of transfer outweigh the resulting inconvenience to the parties. *In re "East of the Rockies" Concrete Pipe,* 302 F. Supp. 244, 253 (J.P.M.L. 1969).

Target fails to show that common questions of fact are sufficiently numerous, complex or unresolved to justify consolidation and Target does not explain how common issues of patent validity and enforceability will predominate, given that unique issues of fact about infringement and damages will exist for each of the 175 defendants. Target also fails to show that consolidation and transfer would be more convenient or produce efficiencies for the parties and witnesses. Finally, Target also fails to address the willingness of the non-movant parties to cooperate and coordinate in discovery and case management, as well as the disruption and delay certain to follow any consolidation of cases with 175 defendants in an already burdened and geographically inconvenient forum.

A.    **The Issues are Not Sufficiently Numerous, Complex, or Unresolved to Justify Consolidation and Transfer**

The moving party has the burden of demonstrating that common factual questions are sufficiently complex, or that the associated discovery is so time consuming, that transfer is justified. 28 U.S.C. § 1407; *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.,* 446 F. Supp. 242, 243-44 (J.P.M.L. 1978). If movant fails to carry its burden, consolidation and transfer should be denied, even for a large number of actions in several districts. *See In re Dupont Benelate Settlement Agreement Litig.,* No. 1340, 2000 U.S. Dist. Lexis 7378 (J.P.M.L. 2000).

1.    **Proof of Patent Infringement Presents Unique Fact Questions for Each Defendant**

As a matter of law, proof of patent infringement is distinct as to each defendant and its technology. *Markman v. Westview Instruments, Inc.,* 517 U.S. 370, 374; 116 S.Ct. 1384, 1388, (1996) ("Victory in an infringement suit requires a finding that the patent claim 'covers the

alleged infringer's product or process'…"); *Southwall Technologies, Inc. v. Cardinal I G Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995) (proof of infringement is a question of fact and requires establishing that every limitation of a claim is found in an accused product or method).  Here, each defendant operates different customized systems and processes and, accordingly, there will be few if any common factual questions about the 175 defendants' infringement.[9]  The challenge would be greatly exaggerated in a consolidated case with 175 defendants, in different industries, employing different IVR systems and methods, all or many of which implicate infringement of different patent claims.

###     2.    Proof of Patent Infringement Damages Presents Unique Fact Questions for Each Defendant

Target asserts that the reasonable royalty factors used in calculating patent damages under *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) will present common fact questions among the actions.  In fact, of the 15 *Georgia Pacific* factors considered when assessing a patent "reasonable royalty" measure of damages, nine factors involve facts particular to each separate defendant.  Only six focus on the plaintiff or the general industry.[10]  Thus, the focus of damages discovery and analyses will be far

---

[9] Target concedes that "… there will be differences in the telephone services of the defendants involved in the various actions …" (Mot. at 12.), thus recognizing that different systems will necessarily require different discovery and proof of infringement.  Target glosses over this issue by citing cases where the Panel found that overlapping patents in several actions could be expected to present common fact questions, including *In re Acacia Media Techs. Corp. Patent Litig.*, 360 F. Supp. 2d 1377, 1379 (J.P.M.L. 2005); *In re Pharmastem Therapeutics, Inc. Patent Litig.*, 360 F. Supp. 2d 1362, 1364 (J.P.M.L. 2005); and *In re MLR, LLC, Patent Litig.* 269 F. Supp. 2d 1380 (J.P.M.L 2003).  These cases are distinguishable, however.  In *Acacia*, there were only 64 defendants, the majority of whom were in the same industry and all parties agreed to, or did not contest, consolidation. *Acacia*, 360 F. Supp. 2d at 1378.  Similarly, in *Pharmastem*, there were only 31 defendants, all of whom were in the same industry, and only three parties opposed transfer and consolidation. *Pharmastem*, 360 F. Supp. 2d at 1363.  In *MLR*, there were only 11 defendants, all in the same industry, and only two parties opposed the MDL motion. *MLR*, 269 F.Supp.2d at 1380.  In contrast, the present case involves 175 defendants in different industries, a substantial number of whom oppose consolidation.

[10] The nine defendant-specific factors include:  (1) the rates paid by the defendant for use of comparable patents; (2) the territory and customers of the licensee for the licensed technology; (3) the effect of using the patented specialty in promoting sales of the licensee's other goods or services; (4) the licensee's commercial success with the patented technology; (5) the extent of the licensee's infringing use of the patented technology; (6) the portion of licensee's profit attributable to use of the patented technology; (7) the opinion testimony of qualified experts retained by each

more heavily directed to each defendant's discrete infringement and the value that each

defendant derived from its use of the patented inventions.

### 3.    Patent Validity and Enforceability Have Been Previously and Thoroughly Discovered and Litigated

Target asserts that issues of validity,[11] enforceability and prosecution history estoppel[12]

will be common among the cases due to the overlapping patents at issue. On the facts of these

cases, however, consolidation is not likely to produce significant efficiencies. During prior

litigations over the Katz patents, defendants have raised numerous affirmative defenses, most of

which overlap with the current defendants' contentions. Defendants in the prior cases identified

and filed voluminous information on the prior art and all of that prior case material is readily

available to Target and the other defendants and can be shared. There is likewise an extensive

public record of proceedings on the Katz patents before the USPTO and given this extensive

history and publicly available collections of documents, it is unlikely that validity or

unenforceability issues will produce significant additional discovery or fact issues.

### 4.    The Risk of Inconsistent Rulings on Claim Construction or Other Issues Does Not Warrant Consolidation

Target incorrectly argues that risk of inconsistent pretrial rulings on the issue of patent

claim construction justifies transfer and consolidation, but as Target admits, "it is the obligation

of each district court to construe the claims of a patent as a matter of law." (Mot. at 15); *see*

*also, Markman, supra.,* 517 U.S. at 388-391. Claim construction is a pretrial issue of law

---

licensee; (8) the nature and scope of the license; and (9) the amount the prudent licensee would have been willing to pay for a license in an arm's length negotiation. *Georgia-Pacific Corp., supra.*
[11] Validity is primarily a matter of prior art and expert opinion. *Union Oil Co. of California v. Atlanta Richfield Co.,* 208 F.3d 989, 994-95 (Fed. Cir. 2000), cert. denied, 531 U.S. 1183 (2001) (Proving a patent invalid under 35 U.S.C. §102 requires showing that allegedly invalidating prior art contains each and every element of a claim); *Koito Mfg. Co Ltd. v. Turn-Key-Tech LLC,* 381 F.3d 1142, 1152 (Fed. Cir. 2004) ("typically, testimony concerning anticipation must be testimony from one skilled in the art....").
[12] Unenforceability and the application of prosecution history estoppel concern prior art and the record of prosecution of the patent before the USPTO. *See FMC Corp v. Manitowoc Co., Inc.* 835 F.2d 1411, 1415 (Fed. Cir. 1987) (establishing unenforceability through inequitable conduct requires clear and convincing proof of knowing failure to disclose material information, such as prior art, to the PTO in prosecution of the patent.) *Festo Corp. v. Shoketsu Kinzoku Kogyuo Kabushiki Co, Ltd.,* 535 U.S. 722, 735 (2002) ("[Prosecution history] estoppel has been discussed most often in the context of amendments made to avoid the prior art.").

reserved by the U.S. Supreme Court to each district court. *Id.* An issue of law, of course, is not an appropriate basis for MDL consolidation. *In re U.S. Navy Variable Reenlistment Bonus Litig.*, 407 F. Supp. 1405, 1406-07 (J.P.M.L. 1976) (transfer of actions for consolidated pretrial proceedings is unwarranted where common questions of law, rather than fact, predominate). Thus, while each defendant will have an opportunity to litigate the claim construction issues it believes are critical to its case, it is likely that the number of claim terms necessary to be construed will be reduced as a result of these prior rulings, including the expected ruling in the *Citibank* case.

Likewise, the May 8, 2007 trial in the *Citibank* case is fast-approaching. Resolution of issues in *Citibank* case may thus obviate or reduce the need for further litigation and allowing the *Citibank* case to proceed to trial will conserve judicial resources and reduce expense and inconvenience to the litigants.

### B.     Consolidation and Transfer Would Not Promote Convenience and Judicial Economy

#### 1.     Many of the Parties Do Not Support Consolidation and Transfer

To date, many of the 175 defendants have expressed the intention to oppose Target's motion. Consolidation and transfer has been denied where not all parties in the relevant actions support it. *In re Accuscan, Inc., Automatic Background Contrast Control Patent Litig.*, No. 1145, 1996 U.S. Dist. LEXIS 17696 (J.P.M.L. Nov. 26, 1996). The parties are best situated to evaluate the benefits and disadvantages of transfer and consolidation and the significant opposition here speaks volumes about the parties' evaluations that the current separate cases presents the most convenient and efficient means of managing and resolving these cases.

#### 2.     The E.D. Texas and the District of Delaware Chose Not to Consolidate the Katz Actions Pending In Those Districts.

Districts have the discretion to *sua sponte* consolidate pending actions if they believe that consolidation would promote convenience, efficiency and administrative ease. *See* F.R.C.P. 42(a); *Devlin v. Transportation Communications Int'l Union*, 175 F.3d 121, 130 (2nd Cir. 1999).

To date, neither the E.D. of Texas or the District Court of Delaware has chosen to consolidate the Katz actions within their districts, and at least Judge Clark in the E.D. Texas *severed* the cases pending in his court to promote efficiency and administrative ease, while acknowledging that he will manage the cases in a coordinated fashion.[13]

### 3.    Alternative Methods Are Available to Achieve Efficiencies That Do Not Entail the Burdens and Delay Inherent in Consolidation

Where there are alternative methods to prevent duplicative discovery and inconsistent pretrial rulings, consolidation is not warranted. *In re Commonwealth Sci. & Indus. Research Org. Patent Litig.*, 395 F.Supp. 2d 1357-58 (J.P.M.L. 2005). This is especially true when the parties have displayed past willingness to coordinate their discovery efforts. *In re Cable Tie Patent Litig.*, 487 F. Supp. 1351, 1353 (J.P.M.L. 1980). That cooperation exists here, where many parties are considering proposed stipulations to avoid duplicative discovery and to coordinate case management across all cases. It is the goal that the stipulations will encompass at least the following:

- coordinated document production by Katz with a protocol to be developed for common Bates numbering;

- coordinated deposition discovery on common issues to avoid duplicative examination of witnesses;

- coordinated third-party subpoena practice with respect to licensees, prior art witnesses and vendors;

- adoption of protective orders with common terms;

- admissibility of third-party discovery, including licensees, prior art witnesses and vendors.

The parties also have the mutual goal to work towards coordinated protocols or stipulations regarding *Markman* briefing and case management including:

- streamlining the claim selection process;

---

[13] The five cases in Delaware were all assigned to Judge Gregory Sleet and are pending separately as independent cases. Exs. 25 to 29, Dockets.

- agreeing to sequential patent disclosures and other features of a set of acceptable local court patent rules addressing claim construction and case management, subject to court approval;

- coordinating claim construction briefing schedules to the extent possible and avoiding duplication of effort on common construction issues;

- agreeing to the appointment of a technical advisor for the courts.

The parties intend to further explore and develop a consolidated and/or coordinated summary judgment procedure on common issues to the extent possible to avoid duplication of effort. It is contemplated that a steering committee made up of representatives of both sides of the actions in the E.D. Texas and the District of Delaware will be selected to finalize the details of these coordination activities for the pretrial proceedings in all cases.

## IV. IF THE PANEL BELIEVES CONSOLIDATION IS JUSTIFIED, THE *CITIBANK* CASE SHOULD BE EXCLUDED FROM THE CONSOLIDATION AND TRANSFER ORDER.

The Panel should exclude the *Citibank* case from any multidistrict litigation order because of its advanced state. It appears that no party to the *Citibank* case has joined Target's motion. The anticipated *Markman* ruling from Judge Folsom will likely inform all parties about the merits of their cases and pave the way for summary judgment and/or trial or, as many defendants in other cases have chosen, settlement. Such considerations are precisely why the Panel recognizes that advanced actions are inappropriate for consolidation with recently filed cases. *In re Nifedipine Capsule Patent Litig.*, No. 774, 1988 U.S. Dist. LEXIS 17025, at *2 (J.P.M.L. Oct. 13, 1988) (excluding from transfer one action which was nearing close of discovery on the basis that it was distinct from more recently filed actions).

## V. IF CONSOLIDATION IS ORDERED THE E.D. TEXAS SHOULD BE THE TRANSFEREE COURT

If the Panel concludes that consolidation and transfer are appropriate, it should transfer the cases to Judge Folsom in the E.D. of Texas.

### A.    The E.D. Texas Has the Greatest Number of Pending Katz Actions

Target's proposal to transfer all of the Katz cases to a district that is already overburdened, where no action is pending and where the cases have no substantial nexus, is disfavored and without basis.[14] The Panel regularly transfers actions to the District Court having the *greatest* number of relevant pending actions. *See, e.g., In re Fosamax Prods. Liab. Litig.,* 444 F. Supp. 2d 1347, 1349-50 (J.P.M.L. 2006). The Panel has traditionally been reluctant to send consolidated cases to a district where *no* actions are pending. *In re Mailblocks, Inc.*, 279 F. Supp. 2d 1379, 1381 (J.P.M.L. 2003). As of September 30, 2006, there were 280 pending multidistrict litigations, and only thirteen of these were transferred to a district where no actions were pending. Hsieh Decl. ¶ 3; Ex. 30, Statistical Analysis of Multidistrict Litigation 2006. In 2005, only nine out of 259 pending multidistrict litigations were transferred to a district where no actions were pending. Hsieh Decl. ¶ 3; Ex. 31, Statistical Analysis of Multidistrict Litigation 2005. In those rare instances of transfer to a district where no action was pending, the Panel has acknowledged that its selection of that transferee court was the exception, and that its decision to do so was premised on the strong factual nexus between the action and the forum. *See, e.g., In re Sundstrand Data Control, Inc. Patent Litig.*, 443 F. Supp. 1019, 1020 (J.P.M.L. 1978).

When Judge Clark's severance of the *Alltel* and *Chevron* cases is taken into account, there are 20 Katz cases pending in the E.D. Texas, five pending in the District of Delaware, and *none* pending in the C.D. California.[15] Transfer to the district where the most actions are pending requires the fewest parties to be displaced. The C.D. California should be excluded from consideration because there are no currently pending actions in that district and because, as discussed below, transfer there would significantly inconvenience all parties. Such a transfer would further impose an undesired burden on one of the busiest District Courts in the country— and on the particular judge requested—and would squander the substantial judicial resources

---

[14] Other than *In re Sundstrand Data Control, Inc. Patent Litig.*, 443 F. Supp. 1019, 1020 (J.P.M.L. 1978), Target cites no authority supporting its proposal. Although in *Sunstrand* the Panel did transfer actions to a district with no action pending, it did so because of the substantial nexus between the Western District of Washington and the common fact questions. *Id.* at 1021. Further, the Panel noted that none of the actions were significantly further advanced than the others.

[15] Even if Judge Clark's severance orders were not considered there are seven cases pending in the E.D. of Texas.

**PLAINTIFF'S OPP. TO TARGET'S MTN FOR TRANSFER & CONSOLID. - PUR. TO 28 U.S.C. § 1407 (CASE NO. 1816)**

invested by Judge Folsom and his court in the *Citibank* case.

**B.    The E.D. Texas is the Forum With the Most Recent Knowledge and Experience with the Legal and Factual Issues**

The E.D. Texas has the most current judicial knowledge and experience with the Katz patents. The Panel has often transferred consolidated patent cases to the court having the greatest technological and legal familiarity with the issues involved. *In re Pharmastem Therapeutics, Inc. Patent Litig.*, 360 F. Supp. 2d 1362, 1364 (J.P.M.L. 2005).

Judge Folsom, his clerks, and particularly his technical advisor, have developed the most current detailed knowledge about the Katz patents and the parties' infringement and invalidity contentions as a result of the activities in the *Citibank* and *Discover* cases. Judge Folsom already has experience with twenty-two of twenty-seven patents alleged in all the cases.

In contrast, Judge Klausner's knowledge in the C.D. California is nearly three years old and he only construed claims from 10 of the Katz patents, compared to the 16 patents that Judge Folsom is currently construing in the *Citibank* case. Given Judge Folsom's recent and detailed knowledge of the Katz Actions, and given that he has four Katz Actions before him, the E.D. Texas would be the most logical choice of transferee districts.

**C.    The E.D. Texas is the Most Convenient and Efficient Venue**

The location of the parties, witnesses, and evidence are important factors in choosing a transferee court. *In re Columbia University Patent Litig.*, 313 F. Supp. 2d 1383 (J.P.M.L. 2004). In most instances, and particularly in these cases, if consolidation is ordered, a geographically central location best serves the convenience of the parties. *In re Papst Licensing, GmbH Patent Litig.*, No. 1298, 1999 U.S. Dist. LEXIS 15871 (J.P.M.L. Oct. 12, 1999).

Texas is the most central forum for the greatest number of defendants. Seventeen defendants reside in Texas, which is more than in any other state; 90 are located in the South and Midwest, and 56 are in the East. By comparison, only 29 of 175 defendants reside in the Western United States. 84% of defendants are closer to Texas than to California. *See* Hsieh Decl. ¶ 2; Ex. 32, Location of Defendants by Region and by Suit.

Further, the E.D. Texas has established a substantial infrastructure to host, house, and manage complex patent litigation. It has suitable hotels, restaurants, office space and amenities for the parties and their counsel and is accessible within a few hours from all corners of the country. Indeed, it has managed some of the highest profile and most complex patent litigation matters recently litigated, including: *Echostar Technologies v. TiVo, Inc., et al.; Broadcom Corp. v. Intel Corp.;* and *Ericsson, Inc. v. Qualcomm, Inc.*[16]

Target places undue emphasis on Katz's presence in Los Angeles and the possibility that some third party witnesses may be located there. However, the physical location of Katz's documents is irrelevant because they are digitized and ready for production anywhere in the country. Further, the possible presence in Los Angeles of a small number of third-party witnesses, many of whom are unidentified by Target, is substantially outweighed by the inconvenience transfer would impose on the parties to these cases.[17]

The E.D. Texas is also one of the plaintiff's selected venues and is the first-filed venue. The Panel has recognized the merit in transferring a consolidated patent case to the district with the first-filed case. *In re Mosaid Techs., Inc. Patent Litig.*, 283 F. Supp. 2d 1359, 1361 (J.P.M.L. 2003).

### D.    The E.D. Texas is One of the Most Experienced Patent Litigation Trial Courts in the Country and Has Implemented Patent Litigation Rules to Streamline Patent Cases

The E.D. Texas regularly presides over some of the most sophisticated and high-stakes patent matters in the nation. Judge Folsom alone has handled 110 patent cases over his career, and is well versed in patent law and procedures.[18]  Hsieh Decl. ¶ 4; Ex. 33, excerpt from LegalMetric Initial Judge Report of Judge Folsom Patent Cases.

---

[16] In fact, Judge Folsom presided over all these cases. A list of the 110 patent litigation matters Judge Folsom has handled is attached as Ex. 33; see Hsieh Decl. ¶ 4.

[17] To the extent these witnesses include the Katz patent prosecutors, they have been deposed in prior litigations and the transcripts of their testimony are available to Target.

[18] Judge Klausner in the C.D. California has handled less than half as many patent cases as Judge Folsom. Ex. 34, excerpt from LegalMetric Initial Judge Report of Judge Klausner Patent Cases.

The E.D. Texas has implemented specific patent litigation rules designed to streamline and aid in the management of patent cases.[19] Ex. 35, E.D. Texas Local Patent Rules, Appendix M. Cases expeditiously reach resolution or trial in the E.D. Texas, faster than in other districts. The median time to trial in the E.D. Texas is just 15.9 months, compared to 20.5 months in the C.D. California. *See* Hsieh Decl. ¶ 36; Exs. 36 to 38, Judicial Caseload Profile Statistics of the Administrative Office of the U.S. District Court.

### E.    A Comparison of Dockets Favors the E.D. Texas

The E.D. Texas is more capable of absorbing a consolidated case of the magnitude proposed than the C.D. California. The Panel ordinarily looks to the caseloads of the possible transferee districts to select the district with the most available resources. *Papst Licensing*, *supra.,* 1999 U.S. Dist. LEXIS at *5-6. The Panel usually transfers consolidated actions to districts which have been "less burdened by the Panel with multidistrict dockets" than the other transferee fora. *In re Gemstar Dev. Corp. Patent Litig.*, No. 1274, 1999 U.S. Dist. LEXIS 5905, at *4 (J.P.M.L. Apr. 26, 1999).

The E.D. Texas has only 379 pending cases per judge. The judges in the C.D. California are much busier, with 471 cases and thus the C.D. California case loads are nearly 25% heavier than that of the E.D. Texas. The lighter docket and specialized patent rules likely explain why cases resolve more quickly in the E.D. Texas.[20] In 2005, only 2.6% of cases in the E.D. Texas were over three years old, compared to 7.1% of cases in the C.D. California. Exs. 37 to 38, Judicial Caseload Profile Statistics of The Administrative Office of the U.S. Courts. The E.D. Texas also has a superior "weighted filings" metric compared the C.D. California (511 versus 575), meaning that each judge in the E.D. Texas manages fewer complex litigation matters than do the judges in the C.D. California. The E.D. Texas has more available resources to devote to a patent action of this magnitude and, as such, is a far superior choice of forum to efficiently and effectively manage these cases.

---

[19] Notably, the C.D. California has no such patent case specific rules.
[20] The C.D. California has a faster median time to civil disposition, which likely reflects far more Americans with Disabilities Act of 1990 (ADA) and other relatively simple civil cases associated with a much larger urban area.

## VI.   THE DISTRICT OF DELAWARE WOULD ALSO BE AN APPROPRIATE TRANSFEREE COURT IF THE PANEL ELECTS TO CONSOLIDATE THE TEXAS AND DELAWARE CASES.

The District of Delaware also would be a sound choice for the transferee court, as compared to the C.D. California. The District of Delaware's 116 case annual case load per judge is significantly less than the 185 cases per judge for judges in the Central District of California.[21] However, the Delaware judges handle a larger number of patent cases. Based upon PACER records for the five-year period ending September 30, 2006, there were 642 patent cases filed in the District of Delaware, which on average was 32 per year for each judge as compared to approximately 11 a year for judges in the C.D. California. Judge Sleet, who has been assigned the five related Delaware cases, has considerable experience with patent cases. In fact, the J.P.M.L. assigned a consolidated patent litigation to Judge Sleet just last year. *See In re Pharmastem Therapeutics, Inc., Patent Litigation*, 360 F. Supp. 2d 1362 (J.P.M.L. 2005). The District of Delaware also regularly assigns patent cases to a very experienced magistrate judge for mediation, who has mediated hundreds of patent cases.[22]

## VII.   CONCLUSION

Target's motion should be denied because it fails to demonstrate that any purported efficiencies to be gained by consolidation and transfer outweigh the inconvenience to the parties, witnesses, and the Courts. In fact, there would be few, if any, efficiencies and the burdens to the parties would substantially outweigh those efficiencies. Fact issues, like patent infringement and damages, are unique to each defendant and the legal patent claim construction issues are irrelevant to the MDL decision. Moreover, it would be substantially more complex for one court to manage these disparate cases, as evidenced by the current Judges' decisions to keep the actions separate and in several instances to further divide the cases.

---

[21] This is based upon the three-year period ending September 30, 2005 as reported by Administrative Office of the U.S. Courts, with the data available at www.uscourts.gov at judbus2005/appendices/x1a.pdf, judbus2004/appendices/x1a.pdf, and judbus2003/ appendices/x1a.pdf.

[22] In addition, the District of Delaware would be more convenient than the C.D. of California for the parties and witnesses. Almost half of the 175 individual defendants are within 500 miles of the District of Delaware's Wilmington courthouse; in contrast, there are only 16 defendants located in California.

Should the Panel decide consolidation is warranted, it should exclude the *Citibank* case from any consolidation. That case is in the advanced stages of pretrial preparation and any orders derailing it now would unduly burden the parties with needless delay and expense, would be wasteful of the parties' and judicial resources, and would eliminate an effective case management tool for the remaining cases.

Finally, should the Panel decide that transfer and consolidation is warranted, transfer to the E.D. Texas is most logical because it: (i) has the greatest number of pending Katz Actions; (ii) has the most recent knowledge and experience with the legal and factual issues; (iii) is the most convenient and efficient venue for the largest number of parties; (iv) is one of the most experienced patent litigation trial courts in the country and has implemented patent litigation rules to streamline cases; (v) and has more docket capacity and ability to absorb these cases than the C.D. California.

Dated: November 3, 2006

By: _____
STEPHEN C. NEAL (170085)
JANET L. CULLUM (104336)
ANTHONY M. STIEGLER (126414)
JOHN S. KYLE (199196)
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Attorneys for Respondent
Ronald A. Katz Technology Licensing, L.P.

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **In re:** | **MDL Docket No. 1816** |
| **Katz Interactive Call Processing Patent Litigation** | |

## APPENDIX OF THE TABLE OF AUTHORITIES OF PLAINTIFF'S OPPOSITION TO TARGET'S MOTION FOR TRANSFER AND CONSOLIDATION OF KATZ TECHNOLOGY LICENSING PATENT LITIGATION

STEPHEN C. NEAL (170085)
JANET L. CULLUM (104336)
ANTHONY M. STIEGLER (126414)
JOHN S. KYLE (199196)
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Attorneys for Respondent
RONALD A. KATZ TECHNOLOGY LICENSING, L.P.

# TABLE OF AUTHORITIES

## CASES

*In re Acacia Media Techs. Corp. Patent Litig.,*
  360 F. Supp. 2d 1377 (J.P.M.L. 2005)..................................................................9

*In re Accuscan, Inc., Automatic Background Contrast Control Patent Litig.,*
  No. 1145 U.S. Dist. LEXIS 17696 (J.P.M.L. Nov. 26, 1996) ...........................11

*In re Cable Tie Patent Litig.,*
  487 F. Supp. 1351 (J.P.M.L. 1980)....................................................................12

*In re Columbia University Patent Litig.,*
  313 F. Supp. 2d 1383 (J.P.M.L. 2004)...............................................................15

*In re Commonwealth Sci. & Indus. Research Org. Patent Litig.,*
  395 F. Supp. 2d 1357 (J.P.M.L. 2005)...............................................................12

*Devlin v. Transp. Comm'ns Int'l Union,*
  175 F.3d 121 (2nd Cir. 1999).............................................................................11

*In re Dupont Benelate Settlement Agreement Litig.,*
  No. 1340, 2000 U.S. Dist. Lexis 7378 (J.P.M.L. 2000).......................................8

*In re "East of the Rockies" Concrete Pipe,*
  302 F. Supp. 244 (J.P.M.L. 1969)........................................................................8

*Festo Corp. v. Shoketsu Kinzoku Kogyuo Kabushiki Co, Ltd.,*
  535 U.S. 722 (2002)...........................................................................................10

*FMC Corp. v. Manitowoc Co., Inc.*
  835 F.2d 1411 (Fed. Cir. 1987).........................................................................10

*In re Fosamax Prods. Liab. Litig.,*
  444 F. Supp. 2d 1347 (J.P.M.L. 2006)...............................................................14

*In re Gemstar Dev. Corp. Patent Litig.,*
  No. 1274, 1999 U.S. Dist. Lexis 5905 (J.P.M.L. Apr. 26, 1999) ......................17

*Georgia-Pacific Corp. v. United States Plywood Corp.,*
  318 F. Supp. 1116 (S.D.N.Y. 1970).....................................................................9

*Koito Mfg. Co. Ltd. v. Turn-Key-Tech LLC,*
  381 F.3d 1142 (Fed. Cir. 2004).........................................................................10

*In re Mailblocks, Inc., 279*
  F. Supp. 2d 1379 (J.P.M.L. 2003)......................................................................14

*Markman v. Westview Instruments, Inc.,*
  517 U.S. 370; 116 S.Ct. 1384,   (1996)......................................5, 8, 10, 11, 12, 13

*In re MLR, LLC, Patent Litig.*
  269 F. Supp. 2d 1380 (J.P.M.L 2003)..................................................................9

*In re Mosaid Techs., Inc. Patent Litig.,*
  283 F. Supp. 2d 1359 (J.P.M.L. 2003)...............................................................16

*In re Nifedipine Capsule Patent Litig., No.*
  No. 774, 1988 U.S. Dist. LEXIS 17025  (J.P.M.L. Oct. 13, 1988) .....................13

## TABLE OF AUTHORITIES

### (continued)

*In re Papst Licensing, GmbH Patent Litig.,*
    No. 1298 U.S. Dist. LEXIS 15871 (J.P.M.L. Oct. 12, 1999) ........................................ 15, 17

*In re Pharmastem Therapeutics, Inc. Patent Litig.,*
    360 F. Supp. 2d 1362 (J.P.M.L. 2005).......................................................................... 9, 15, 18

*Southwall Technologies, Inc. v. Cardinal I G Co.,*
    54 F.3d 1570 (Fed. Cir. 1995)....................................................................................... 9

*In re Sundstrand Data Control, Inc. Patent Litig.,*
    443 F. Supp. 1019 (J.P.M.L. 1978)................................................................................ 14

*In re Truck Accident Near Alamogordo,*
    387 F. Supp. 732 (J.P.M.L. 1975).................................................................................. 7

*Union Oil Co. of California v. Atlanta Richfield Co.,*
    208 F.3d 989 (Fed.Cir. 2000)........................................................................................ 10

*In re U.S. Navy Variable Reenlistment Bonus Litig.,*
    407 F. Supp. 1405 (J.P.M.L. 1976)............................................................................... 11

## STATUTES

28 U.S.C. § 1407.................................................................................................................. 7, 8

F.R.C.P. 42(a) ..................................................................................................................... 11

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re:

Katz Interactive Call Processing Patent
Litigation

MDL Docket No. 1816

**APPENDIX OF EXHIBITS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
TARGET'S MOTION FOR TRANSFER AND CONSOLIDATION
OF KATZ TECHNOLOGY LICENSING PATENT LITIGATION**

STEPHEN C. NEAL (170085)
JANET L. CULLUM (104336)
ANTHONY M. STIEGLER (126414)
JOHN S. KYLE (199196)
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Attorneys for Respondent
RONALD A. KATZ TECHNOLOGY LICENSING, L.P.

In compliance with Panel Rule 7.1(g), Ronald A. Katz Technology Licensing, L.P. hereby submits copies of the following referenced exhibits in support of its Opposition to Target's Motion For Transfer and Consolidation of Katz Technology Licensing Patent Litigation:

**Exhibit 1:**     Declaration of Nathan C. Cummings

**Exhibit 2:**     Declaration of Christine K. Hsieh

**Exhibit 3:**     Joint Conference Report, filed on December 5, 2005, in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Citibank, N.A.*, No. 5:05-CV-142 (E.D. Tex.)

**Exhibit 4:**     Defendants' Report in Response to the Court's May 24, 2006 Order, filed 6/13/2006, in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Citibank, N.A.*, No. 5:05-CV-142 (E.D. Tex.)

**Exhibit 5:**     Amended Docket Control Order, filed on May 8, 2006, in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Citibank, N.A.*, No. 5:05-CV-142 (E.D. Tex.)

**Exhibit 6:**     Order Severing Certain of Plaintiff's Claims and Defendants' Defenses and Counterclaims & Staying the Severed Action, filed on August 16, 2006, in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Citibank, N.A.*, No. 5:05-CV-142 (E.D. Tex.)

**Exhibit 7:**     Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Am. Elec. Power Company, Inc.*, No. 5:06-CV-188 (E.D. Tex.)

**Exhibit 8:**     Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Am. Airlines*, No. 2:06-CV-334 (E.D. Tex.)

**Exhibit 9:**     Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Aetna, Inc.*, No. 2:06-CV-335 (E.D. Tex.)

**Exhibit 10:**    Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Chevron Corp.*, No. 2:06-CV-178 (E.D. Tex.)

**Exhibit 11:**    Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Humana, Inc.*, No. 9:06-CV-199 (E.D. Tex.)

**Exhibit 12:**    Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Cullen/Frost Bankers, Inc.*, No. 9:06-CV-196 (E.D. Tex)

**Exhibit 13:**    Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Ford Motor Co.*, No. 9:06-CV-195 (E.D. Tex.)

**Exhibit 14:**    Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Gen. Motors Corp.*, No. 9:06-CV-198 (E.D. Tex.)

**Exhibit 15:**    Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Gen. Elec. Capital Corp.*, No. 9:06-CV-197 (E.D. Tex.)

**Exhibit 16:**    Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. PNC Fin. Serv. Group.*, No. 9:06-CV-200 (E.D. Tex.)

**Exhibit 17:**    Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Regions Fin. Corp.*, No. 9:06-CV-201 (E.D. Tex.)

**Exhibit 18:**    Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. U.S. Bancorp*, No. 9:06-CV-203 (E.D. Tex.)

**Exhibit 19:**    Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Safeco Insurance Co. of Am.*, No. 9:06-CV-202 (E.D. Tex.)

**Exhibit 20:**    Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Alltel Corp.*, No. 9:06-CV-177 (E.D. Tex.)

**Exhibit 21:**    Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. DirecTV Group, Inc.*, No. 9:06-CV-192 (E.D. Tex.)

**Exhibit 22:**    Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Earthlink, Inc.*, No. 9:06-CV-193 (E.D. Tex.)

**Exhibit 23:**    Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Cox Communications, Inc.*, No. 9:06-CV-191 (E.D. Tex.)

**Exhibit 24:**    Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Tracfone Wireless, Inc.*, No. 9:06-CV-194 (E.D. Tex.)

**Exhibit 25:**    Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Reliant Energy, Inc.*, No. 1:06-CV-543 (D. Del.)

**Exhibit 26:**    Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. TD Banknorth, Inc.*, No. 1:06-CV-544 (D. Del.)

**Exhibit 27:**    Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Ahold USA, Inc.*, No. 1:06-CV-545 (D. Del.)

**Exhibit 28:**    Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Time Warner Cable, Inc.*, No. 1:06-CV-546 (D. Del.)

**Exhibit 29:**    Docket Report in the matter of *Ronald A. Katz Tech. Licensing, L.P. v. Am. Int'l Group, Inc.*, No. 1:06-CV-547 (D. Del.)

**Exhibit 30:**    Summary by Docket of Multidistrict Litigation Pending as of September 30, 2006, or Closed Since October 1, 2005, from Statistical Analysis of Multidistrict Litigation 2006

**Exhibit 31:**    Summary by Docket of Multidistrict Litigation Pending as of September 30, 2005, or Closed Since October 1, 2004, from Statistical Analysis of Multidistrict Litigation 2005

**Exhibit 32:**    Location of Defendants by Region and by Suit

**Exhibit 33:**    Excerpt from LegalMetric Initial Judge Report entitled Judge Folsom Patent Cases, 2006

**Exhibit 34:**    Excerpt from LegalMetric Initial Judge Report entitled Judge Klausner Patent Cases, 2006

**Exhibit 35:**    Eastern District of Texas Local Patent Rules, Appendix M.

**Exhibit 36:**    Summary of Judicial Caseload Profile Statistics of the Administrative Office of the U.S. District Courts of the Eastern District of Texas and the Central District of California.

**Exhibit 37:**    Judicial Caseload Profile Statistics of the Administrative Office of the U.S. District Court of the Eastern District of Texas.

**Exhibit 38:**    Judicial Caseload Profile Statistics of the Administrative Office of the U.S. District Court of the Central District of California.

Dated: November 3, 2006

By: _____
ANTHONY M. STIEGLER (126414)
STEPHEN C. NEAL (170085)
JANET L. CULLUM (104536)
JOHN S. KYLE (199196)
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663
Attorneys for Respondent
Ronald A. Katz Technology Licensing, L.P.

**Certificate of Service**

I hereby certify that true and correct copies of the following documents:

**Plaintiff's Response to Defendants Target's Motion for Transfer and Consolidation of Katz Interactive Call Processing Patent Litigation,**

**Plaintiff's Memorandum of Law in Opposition of Target's Motion for Transfer and Consolidation of Katz Interactive Call Processing Patent Litigation,**

**Appendix of the Table of Authorities in Opposition of Target's Motion for Transfer and Consolidation of Katz Interactive Call Processing Patent Litigation, and**

**Appendix of Exhibits in Opposition of Target's Motion for Transfer and Consolidation of Katz Interactive Call Processing Patent Litigation**

were served on all counsel in compliance with Rule 5.2(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. Ronald A. Katz Technology Licensing L.P.'s Response and Opposition to Defendant Target's Motion for Transfer and Consolidation of Katz Interactive Call Processing Patent Litigation Pursuant to 28 U.S.C. § 1407 were served via U.S. Mail on this 4th of November, 2006 according to the attached Panel Attorney Service List, and supplemented by the attached Service List.

Christine Hsieh

**Judicial Panel on Multidistrict Litigation - Panel Attorney Service List**

Docket: 1816 - In re Katz Interactive Call Processing Patent Litigation
Status: Pending on  / /
Transferee District:        Judge:

Printed on 10/27/2006

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Abn Amro Mortgage Group,<br>777 East Eisenhower Parkway<br>Suite 700<br>Ann Arbor, MI 48108 | => <br>ABN AMRO Mortgage Group, Inc. |
| Alltel Communication Wire,<br>One Allied Drive<br>Little Rock, AR 72202 | => <br>Alltel Communications Wireless, Inc. |
| Alltel Communications,<br>One Allied Drive<br>Little Rock, AR 72202 | => <br>Alltel Communications of Texarkana, Inc. |
| Alltel, Corp.,<br>One Allied Drive<br>Little Rock, AR 72202 | => <br>ALLTEL Corp. |
| Arroyo, Blas P.<br>Alston & Bird, LLP<br>Bank of America Plaza<br>101 South Tryon Street<br>Suite 4000<br>Charlotte, NC 28280-4000 | => Phone: (704) 444-1012  Fax: (704) 444-1111<br>Time Warner Cable, Inc.*; Time Warner Entertainment Co., L.P.*; Time Warner NY Cable, LLC* |
| Barner, Sharon R.<br>Foley & Lardner, LLP<br>321 North Clark Street<br>Suite 2800<br>Chicago, IL 60610-4714 | => Phone: (312) 832-4500  Fax: (312) 832-4700<br>U.S. Bancorp.*#; U.S. Bank, N.A.* |
| Barquist, Charles S.<br>Morrison & Foerster, LLP<br>555 W. Fifth Street<br>Suite 3500<br>Los Angeles, CA 90013 | => Phone: (213) 892-5200  Fax: (213) 892-5454<br>Express Scripts, Inc.* |
| Beane, Jerry L.<br>Andrews & Kurth<br>BankOne Center<br>1717 Main Street<br>Suite 3700<br>Dallas, TX 75201 | => Phone: (214) 659-4400  Fax: (214) 659-4401<br>Aetna RX Home Delivery, LLC* |
| Boice, William H.<br>Kilpatrick & Stockton<br>1100 Peachtree Street<br>Suite 2800<br>Atlanta, GA 30309 | => Phone: (404) 815-6464<br>Cox Communications, Inc.*#; Coxcom, Inc.*#; Earthlink, Inc.*# |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Cablevision Systems Corp.,<br>1111 Stewart Avenue<br>Bethpage, NY 11714 | => <br>Cablevison Systems Corp. |
| Capshaw, III, S. Calvin<br>Brown, McCarroll, LLP<br>P.O. Box 3999<br>Longview, TX 75606-3999 | => **Phone: (903) 236-9800  Fax: (903) 236-8787**<br>Anthem Prescription Management, LLC*; Precision RX, Inc.*; Professional Claim Services, Inc. dba<br>Wellpoint Pharmacy Management, Inc.*; Wellpoint, Inc.* |
| Cerdian Corporation,<br>3311 East Old Shakopee Road<br>Minneapolis, MN 55425 | => <br>Ceridian Corp. |
| Comdata Corporation,<br>5301 Maryland Way<br>Brentwood, TN 37027 | => <br>Comdata Corp. |
| Cox, Juliet A.<br>Sonnenschein, Nath & Rosenthal, LLP<br>4520 Main Street<br>Suite 1100<br>Kansas City, MO 64111 | => **Phone: (816) 460-2400  Fax: (816) 531-7545**<br>Aquila, Inc.* |
| Cullum, Janet L.<br>Cooley, Godward, Kronish, LLP<br>Five Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA 94306-2155 | => **Phone: (650) 843-5000  Fax: (650) 857-0663**<br>Ronald A. Katz Technology Licensing, LP* |
| Devito, Daniel A.<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>4 Times Square<br>New York, NY 10036 | => **Phone: (212) 735-3000  Fax: (212) 735-2000**<br>Comerica Bank & Trust, NA*; Comerica Securites, Inc.*; Comerica, Inc.* |
| Elsevier, MD, J. Patrick<br>Alston & Bird, LLP<br>1201 West Peachtree Street<br>One Atlantic Center<br>Atlanta, GA 30309-3424 | => **Phone: (404) 881-7000  Fax: (404) 881-7777**<br>T-Mobile USA, Inc.* |
| Ferguson, Brian E.<br>McDermott, Will & Emery, LLP<br>600 13th Street, N.W.<br>Washington, DC 20005 | => **Phone: (202) 756-8371  Fax: (202) 756-8087**<br>21st Century Casualty Co.*; 21st Century Insurance Co.*; 21st Century Insurance Group*; AIG Annuity<br>Insurance Co.*; AIG Federal Savings Bank*; AIG Life Insurance Co.*; AIG Markting, Inc.*; AIG<br>Retirement Services, Inc.*; AIG SunAmerica Asset Management Corp.*; American General Assurance<br>Co.*; American General Indemnity Co.*; American General Life & Accident Insurance Co.*; American<br>General Life Insurance Co.*; American International Group, Inc.*; Cigna Corp.*; Cigna Health Corp.*;<br>Cigna Healthcare of Delaware, Inc.*; Tel-Drug of Pennsylvania, LLC*; Tel-Drug, Inc.*; United States<br>Life Insurance Co. in the City of New York*; VALIC Financial Advisors, Inc.*; VALIC Retirement<br>Services Co.*; Variable Annuity Life Insurance Co.* |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

New York City Corp.*; CSC Holdings, Inc.*

LaSalle Bank Corporation,
135 LaSalle Street
Chicago, IL 60603

=> LaSalle Bank Corp.; LaSalle Bank National Association

Lasalle Financial Service,
135 LaSalle Street
Chicago, IL 60603

=> LaSalle Financial Services, Inc.

Lee, Robert L.
Alston & Bird, LLP
1201 West Peachtree Street
One Atlantic Center
Atlanta, GA 30309-3424

=> **Phone: (404) 881-7000  Fax: (404) 881-7777**
Ahold USA, Inc.*; Giant Food Stores, LLC*; Giant Food, LLC*; Stop & Shop Supermarket Co., LLC*

Lukin, Mitchell D.
Baker Botts, L.L.P.
One Shell Plaza
910 Louisiana
Houston, TX 77002-4995

=> **Phone: (713) 229-1733  Fax: (713) 229-7733**
Reliant Energy Retail Services, LLC*; Reliant Energy, Inc.*

Maxwell, David M.
Alston & Bird, LLP
1201 West Peachtree Street
One Atlantic Center
Atlanta, GA 30309-3424

=> **Phone: (404) 881-7000  Fax: (404) 881-7777**
AOL, LLC*; CompuServe Interactive Services, Inc.*; Netscape Communications Corp.*

McDermott, Richard M.
Alston & Bird, LLP
Bank of America Plaza
101 South Tryon Street
Suite 4000
Charlotte, NC 28280-4000

=> **Phone: (704) 444-1000  Fax: (704) 444-1111**
Cinergy Corp.*; Duke Energy Corp.*

McElhinny, Harold J.
Morrison & Foerster, LLP
425 Market Street
San Francisco, CA 94105-2482

=> **Phone: (415) 268-7000  Fax: (415) 268-7522**
Target Bank*; Target Corp.*; Target National Bank*

McGrath, Robin L.
Alston & Bird, LLP
1201 West Peachtree Street
One Atlantic Center
Atlanta, GA 30309-3424

=> **Phone: (404) 881-7000  Fax: (404) 881-7777**
Safeco Corp.*#; Safeco Insurance Co. of America*

McKool, Jr., Mike .
McKool & Smith, P.C.
300 Crescent Court
Suite 1500
Dallas, TX 75201

=> **Phone: (214) 978-4000**
American Airlines, Inc.*; American Beacon Advisors, Inc.*

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

Miller, Camille M.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

=> **Phone: (215) 665-7273  Fax: (215) 701-2273**
Wilmington Brokerage Services Co.\*; Wilmington Trust Co.\*

Moore, Matthew J.
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402

=> **Phone: (202) 783-0800  Fax: (202) 383-6610**
Cullen/Frost Bankers, Inc.\*; Ford Motor Co.\*#; Ford Motor Credit Co.\*#; General Electric Capital Services, Inc.\*#; General Electric Consumer Finance, Inc.\*#; General Motors Acceptance Corp.\*#; General Motors Corp.\*#; GMAC Residential Capital Corp.\*#; Hilton H Honors Worldwide, L.L.C.\*; Hilton Hotels Corp.\*; Hilton Reservations Worldwide, L.L.C.\*; Marriott International, Inc.\*; Marriott Worldwide Reservation Services, L.L.C.\*; PNC Financial Services Group, Inc.\*#; Randall's Food & Drug, L.P.\*; Randall's Food Market, Inc.\*; Safeway, Inc.\*; Whirlpool Corp.\*

Moyer, Jeffrey L.
Richards, Layton & Finger
P.O. Box 551
Wilmington, DE 19899

=> **Phone: (302) 651-7525  Fax: (302) 651-7701**
Qwest Broadband Services, Inc.\*; Qwest Communications Corp.\*; Qwest Communications International, Inc.\*; Qwest Interprise America, Inc.\*; Qwest LD Corp.\*; Qwest Wireless, LLC\*

Najim, Samuel J.
Jones Day
1420 Peachtree Street
Suite 800
Atlanta, GA 30309-3053

=> **Phone: (404) 521-3939  Fax: (404) 581-8330**
Centerpoint Energy Houston Electric, LLC\*; Centerpoint Energy Resources Corp\*; Centerpoint Energy, Inc.\*; Chevron Corp.\*; Chevron Credit Bank, N.A.\*; Chevron Products Co.\*; Experian Information Solutions, Inc.\*; National City Bank\*; National City Bank of Indiana\*; National City Corp.\*; Regions Bank, NA\*#; Regions Financial Corp.\*#

National Railroad Passeng,
60 Massachusetts Avenue, N.E.
Washington, DC 20002

=>
National Railroad Passenger Corp. dba Amtrak

Norrod, Gregory S.
Foley & Lardner, LLP
321 North Clark Street
Suite 2800
Chicago, IL 60610-4714

=> **Phone: (312) 832-4500  Fax: (312) 832-4700**
Sam's East, Inc.\*; Sam's West, Inc.\*; Wal-Mart Store, Inc.\*; Wal-Mart Stores East, LP\*; Wal-Mart Stores Texas, LP\*; Wal-Mart.com, Inc.\*

PNC Bank, NA,
One PNC Plaza
249 Fifth Avenue
Pittsburg, PA 15222

=>
PNC Bank, N.A.

Petersen, Steven P
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza
Suite 4900
Chicago, IL 60601

=> **Phone: (312) 616-5600  Fax: (312) 616-5700**
Aetna, Inc.\*; TDS Metrocom, LLC\*; TDS Telecommunications Corp.\*; United States Cellular Corp.\*

Roodman, David A.
Bryan Cave, LLP
One Metropolitan Square
211 N. Broadway
Suite 3600
St. Louis, MO 63102-2750

=> **Phone: (314) 259-2000  Fax: (314) 259-2020**
Dillard Investment Co., Inc.\*; Dillard's, Inc.\*

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

Rooklidge, William C.
Howrey LLP
2020 Main Street
Suite 1000
Irvine, CA 92614-8200

=> **Phone: (949) 721-6900**
Discover Bank*; Discover Financial Services, Inc.*

Seary, III, Marshall M.
Quinn Emanuel Urquhart Oliver & Hedges
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017

=> **Phone: (213) 443-3000  Fax: (213) 443-3100**
DirecTV Enterprise, LLC*#; DirecTV Group, Inc.*#; DirecTV Holdings, LLC*#; DirecTV, Inc.*#

Selsberg, Steven R.
Mayer, Brown, Rowe & Maw, LLP
700 Louisiana
Suite 3400
Houston, TX 77002

=> **Phone: (713) 238-2664  Fax: (713) 238-4888**
Tracfone Wireless, Inc.*#

Spivey, Jonathan R.
Foley & Lardner, LLP
321 North Clark Street
Suite 2800
Chicago, IL 60610-4714

=> **Phone: (312) 832-4500  Fax: (312) 832-4700**
Caremark Inc. dba Caremark Prescription Services*; Caremark RX Inc.*

Standley, Jeffrey S.
Standley Law Group, LLP
495 Metro Place South
Suite 210
Dubin, OH 43017-5319

=> **Phone: (614) 792-5555  Fax: (614) 792-5536**
Delmarva Power & Light Co.*; Humana, Inc.*#; Pepco Holdings, Inc.*; PHI Service Co.*

Stroup, Richard L.
Finnegan, Henderson, Farabow, Garrett, et al.
901 New York Avenue, N.W.
Washington, DC 20001-4413

=> **Phone: (202) 408-4000  Fax: (202) 408-4400**
Federal Express Corp.*; FedEx Corp.*; FedEx Corporate Services, Inc.*; FedEx Customer Information Services, Inc.*

Wade, William J.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

=> **Phone: (302) 658-6541**
TD Banknorth, Inc.

Worthington, Stayton L.
Coghlan Crowson, LLP
1127 Judson Road, Suite 211
Longview, TX 75606

=> **Phone: (903) 758-5543  Fax: (903) 753-6989**
American Electric Express Power Co., Inc.; American Electric Power Co., Inc.*; American Electric Power Service Corp.; American Electric Power WR; Southwestern Electric Power Co.*

---

Note: Please refer to the report title page for complete report scope and key.

IN RE: KATZ INTERACTIVE CALL PROCESSING PATENT LITIGATION
SUPPLEMENTAL SERVICE LIST

**Counsel Not Included in Panel Service List**

Robert Christopher Bunt
Robert M. Parker
Charles Ainsworth
Parker, Bunt & Ainsworth
100 E. Ferguson, Suite 1114
Tyler, TX 75702
Tel: (903) 531-3535
Fax: (903) 533-9687
**Attorneys for PNC Bank, NA; PNC
Financial Services Group, Inc.; General
Electric Capital Corporation; General
Electric Capital Services, Inc.; General
Electric Consumer Finance, Inc.,
Cullen/Frost Bankers, Inc.; The Frost
National Bank, NA**

Brian C. McCormack
Baker & McKenzie
2001 Ross Avenue, Suite 2300
Dallas, TX 75201
Tel: (214) 978-3007
Fax: (214) 978-3099
**Attorneys for Alltel Communications
Wireless, Inc.; Alltel Corporation; Alltel
Communications of Texarkana, Inc.**

Jeffrey J. Cox
Jeffrey S. Patterson
Thomas J. Adair
Harline, Dacus, Barger, Dreyer & Kern,
LLP
6688 North Central Expressway
Suite 1000
Dallas, TX 75206
Tel: (214) 369-2100
Fax: (214) 369-2118
**Attorneys for National Railroad
Passenger Corporation dba Amtrak**

## Parties Not Included on Panel Service List

Rite Aid Corporation
Rite Aid of Delaware, Inc.
30 Hunter Lane
Camp Hill, PA 17011

The Jean Coutu Group (PJC) USA
Eckerd Corporation
Brooks Pharmacy, Inc.
Maxi Drug, Inc.
Maxi Drug North, Inc.
50 Service Road
Warwick, RI 02886