IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-543 (GMS) |
| RELIANT ENERGY, INC., et al., | ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

**PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S REPLY
TO COUNTERCLAIMS OF PEPCO HOLDINGS, INC., PHI SERVICE COMPANY,
AND DELMARVA POWER & LIGHT COMPANY**

Plaintiff and Counterclaim-Defendant Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing") replies to the Counterclaims of Defendants and Counterclaim-Plaintiffs Pepco Holdings, Inc., PHI Service Company, and Delmarva Power & Light Company (collectively, "PHI Defendants") as follows:

1. Upon information and belief, Katz Technology Licensing admits that PHI Inc. is a Delaware corporation with its principal place of business at 701 Ninth Street, Northwest, Washington, District of Columbia 20068.

2. Upon information and belief, Katz Technology Licensing admits that PHI Service Company is a Delaware corporation with principal place of business at 701 Ninth Street, Northwest, Washington, District of Columbia 20068.

3. Upon information and belief, Katz Technology Licensing admits that Delmarva Power & Light Company is a Delaware corporation with its principal place of business at 800 King Street, Wilmington, Delaware.

4. Upon information and belief, Katz Technology Licensing admits that PHI Service Company and Delmarva Power & Light Company are subsidiaries of PHI Holdings, Inc.

5. Katz Technology Licensing admits that it is a limited partnership organized under the laws of the State of California with principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

6. Katz Technology Licensing: (a) admits that the PHI Defendants purport to bring their Counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 1 *et seq.*, as alleged in Paragraph 6 of the PHI Defendants' Counterclaims; and (b) denies the viability of that request for declaratory judgment.

7. Katz Technology Licensing admits that an actual controversy has arisen and now exists between Katz Technology Licensing and the PHI Defendants regarding the PHI Defendants' infringement of the patents identified in Paragraph 55 of Katz Technology Licensing's Complaint in this action. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 7.

8. Katz Technology Licensing: (a) admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a); (b) admits that the PHI Defendants purport to bring their counterclaims for a declaratory judgment pursuant to 28 U.S.C. § 2201 as alleged in Paragraph 8; and (c) denies the viability of that request for declaratory judgment. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 8.

9. Katz Technology Licensing admits that this Court has personal jurisdiction over Katz Technology Licensing in this action.

10. Katz Technology Licensing admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Katz Technology Licensing denies the remaining allegations set forth in Paragraph 10.

## COUNT I
**(Declaration of Alleged Non-Infringement)**

11. In response to Paragraph 11 of the Counterclaims, Katz Technology Licensing realleges and incorporates by reference Paragraphs 1 through 10 of this Reply as if fully set forth herein.

12. Katz Technology Licensing admits it has alleged that the PHI Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 55 of Katz Technology Licensing's Complaint in this action.

13. Katz Technology Licensing denies all allegations set forth in Paragraph 13.

14. Katz Technology Licensing admits that an actual controversy has arisen and now exists between Katz Technology Licensing and the PHI Defendants regarding the PHI Defendants' infringement of the patents identified in Paragraph 55 of Katz Technology Licensing's Complaint in this action. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 14.

15. Katz Technology Licensing denies all allegations set forth in Paragraph 15.

## COUNT II
### (Declarationof Alleged Invalidity)

16. In response to Paragraph 16 of the Counterclaims, Katz Technology Licensing realleges and incorporates by reference paragraphs 1 through 15 of this Reply as if fully set forth herein.

17. Katz Technology Licensing denies all allegations set forth in Paragraph 17.

18. Katz Technology Licensing admits that an actual controversy has arisen and now exists between Katz Technology Licensing and the PHI Defendants regarding the PHI Defendants' infringement of the patents identified in Paragraph 55 of Katz Technology Licensing's Complaint in this action. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 18.

19. Katz Technology Licensing denies all allegations set forth in Paragraph 19.

## COUNT III
### (Declaration of Unenforceability Based on Alleged Patent Misuse)

20. In response to Paragraph 20 of the Counterclaims, Katz Technology Licensing realleges and incorporates by reference paragraphs 1 through 19 of this Reply as if fully set forth herein.

21. Katz Technology Licensing denies all allegations set forth in Paragraph 21.

22. Katz Technology Licensing admits that certain patents asserted against the PHI Defendants include claims that cover systems having a live operator.

23. The allegation in Paragraph 23 of the PHI Defendants' Counterclaims is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and is therefore denied.

24. The allegations in Paragraph 24 constitute legal conclusions to which no response is required.

25. Katz Technology Licensing denies all allegations set forth in Paragraph 25.

26. Katz Technology Licensing admits that an actual controversy has arisen and now exists between Katz Technology Licensing and the PHI Defendants regarding the PHI Defendants' infringement of the patents identified in Paragraph 55 of Katz Technology Licensing's Complaint in this action. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 26.

27. Katz Technology Licensing denies all allegations set forth in Paragraph 27.

## CLAIM IV
### (Declaration of Unenforceability Based on Alleged Inequitable Conduct)

28. In response to Paragraph 28 of the Counterclaims, Katz Technology Licensing realleges and incorporates by reference paragraphs 1 through 27 of this Reply as if fully set forth herein.

29. Katz Technology Licensing denies all allegations set forth in Paragraph 29.

30. Katz Technology Licensing denies all allegations set forth in Paragraph 30.

31. Katz Technology Licensing denies all allegations set forth in Paragraph 31.

### I.     Alleged Withholding of Material Information

### A.     The Periphonics Reference

32. Katz Technology Licensing denies all allegations set forth in Paragraph 32.

33. Katz Technology Licensing lacks information and knowledge to answer the allegation that materials bearing Bates numbers W72807-W73756 were provided to Harold Wurst, Esq. of Nilsson, Wurst & Green in connection with *First Data Resources Inc. v. West Interactive Corp.*, CV 91-4471 TJH (C.D. Cal.) (the "*West*" case) and therefore denies it. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 33.

34. Katz Technology Licensing admits that Byard Nilsson and Reena Kuyper, who were at one time affiliated with the Nilsson, Wurst & Green law firm, were involved in prosecuting certain of Mr. Katz's patent applications that ultimately issued as certain of the patents being asserted against the PHI Defendants. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 34.

35. Katz Technology Licensing responds that it lacks sufficient information and knowledge to answer the allegations set forth in Paragraph 35 and therefore denies them.

36. Katz Technology Licensing is unable to ascertain the meaning of the allegation in Paragraph 36 that references are "highly relevant to many claims," and therefore denies them on the basis that Katz Technology Licensing lacks sufficient information and knowledge to answer such allegations. Further, to the extent that this phrase is meant to allege legal relevance, the allegations constitute legal conclusions to which no response is required.

Katz Technology Licensing lacks information and knowledge to answer any remaining allegations set forth in Paragraph 36, and therefore denies them.

   37. Katz Technology Licensing admits that the application for the '965 patent stated: "During the litigation of [the *West* case], a voluminous quantity of prior art, that is, some 500 items (including single or plural related documents grouped together), were identified by the defendant. However, during pretrial procedures, the defendant distilled the applied art to 59 separate items (including single or plural related documents)." U.S. Patent Application 08/306/456, Paper no. 3, filed November 4, 1994. Katz Technology Licensing further admits that the application also stated: "The voluminous quantity of art identified during litigation, excluding the 59 items (Set I), is listed on the second set of forms PTO-1449 (Supplemental I)." Paper no. 3, filed November 4, 1994. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 37.

   38. No response is required to the allegations in Paragraph 38 to the extent the allegations of Paragraph 38 refer to various patent applications, as the applications speak for themselves. To the extent any further response is required, Katz Technology Licensing lacks information or knowledge sufficient to form a belief as to the truthfulness of the full meaning in and intent of any remaining allegations in Paragraph 38 and therefore denies those allegations.

   39. No response is required to the allegations in Paragraph 38 to the extent the allegations of Paragraph 38 refer to various patent applications, as the applications speak for themselves. To the extent any further response is required, Katz Technology Licensing lacks information or knowledge sufficient to form a belief as to the truthfulness of the full meaning in and intent of any remaining allegations in Paragraph 38 and therefore denies those allegations.

   40. The term "materiality" used in Paragraph 40 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies those allegations. Further, to the extent these terms are intended to allege legal intent, materiality or conclusions regarding duty, conduct or enforceability, the allegations constitute legal

6

conclusions to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 40.

41. The term "substantially identical" as used in Paragraph 41 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations set forth in Paragraph 41. Further, to the extent that term is intended to allege legal relevance or conclusions regarding enforceability, the allegations constitute legal conclusions to which no response is required. To the extent the allegations of Paragraph 41 refer to the content of patent specifications, Katz Technology Licensing responds that the patents speak for themselves and no further response is required. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 41.

42. Katz Technology Licensing denies all allegations set forth in Paragraph 42.

43. Katz Technology Licensing denies all allegations set forth in Paragraph 43.

44. Katz Technology Licensing denies all allegations set forth in Paragraph 44.

B.  **The Barger Reference**

45. Katz Technology Licensing responds that the allegations set forth in Paragraph 45 are so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations.

46. Katz Technology Licensing admits that on its face, U.S. Patent No. 4,071,698 ("the '698 patent") indicates that it was filed in the United States Patent and Trademark Office ("USPTO") on January 10, 1977. The remaining allegations in Paragraph 46 constitute legal conclusions to which no response is required.

47. The allegations in Paragraph 47 relate to the system allegedly disclosed by the Barger patent; Katz Technology Licensing responds that The '698 patent speaks for itself and

no further response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 47.

48. The term "materiality" as used in the first sentence of Paragraph 48 is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent that term is intended to allege legal materiality or relevance, the allegation constitutes a legal conclusion to which no response is required. Katz Technology Licensing admits that the '698 patent was cited in a Supplementary European Search Report dated December 27, 1988 as part of the prosecution of PCT Application No. WO 87/00375. Katz Technology Licensing also admits that PCT Application No. WO 87/00375 claims priority to U.S. Patent Application No. 06/753,299. Katz Technology Licensing further admits that the Supplementary European Search Report identified The '698 patent as a "category x" document. The contents of that search report speak for themselves and the allegations relating to the report require no further response. Katz Technology Licensing admits that a copy of the search report was sent to Mr. Graham F. Coles. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 48.

49. Katz Technology Licensing admits that the '698 patent was not disclosed during the prosecution of the '984, '150, '285, '965, '893 patents. Katz Technology Licensing denies that the '698 patent was not disclosed or cited during the prosecution of the '065, '360, '551, '734, '120, '134 and '223 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 49.

50. Katz Technology Licensing denies all allegations set forth in Paragraph 50.

C. **The DeBruyn Reference**

51. Katz Technology Licensing responds that the allegations set forth in Paragraph 51 are so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations.

52. Katz Technology Licensing admits that the European Patent Office published European Patent Specification EP0032410A1 on July 22, 1981. The remaining allegations in Paragraph 52 relate to the system allegedly disclosed by European Patent No. 0032410; Katz Technology Licensing responds that European Patent No. 0032410 speaks for itself and no further response is required.

53. The term "material" in Paragraph 53 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent this term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. To the extent the allegations in Paragraph 53 relate to the system allegedly disclosed by European Patent No. 0032410; Katz Technology Licensing responds that European Patent No. 0032410 speaks for itself and no further response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 53.

54. The term "materiality" as used in the first sentence of Paragraph 54 is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent the term "materiality" is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. Katz Technology Licensing admits that the Barger patent, the '698 patent, and the DeBruyn patent, European Patent No. 0032410, were cited in a Supplementary European Search Report dated December 27, 1988 as part of the prosecution of PCT Application No. WO 87/00375. Katz Technology Licensing further admits that the Supplementary European Search Report identified European Patent 0032410 as a "category x" document. Katz Technology Licensing further admits that a copy of the search report was sent to Mr. Graham F. Coles. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 54.

55. Katz Technology Licensing admits that European Patent No. 0032410 (or the related Canadian Patent No. 1,162,336) was not disclosed during the prosecution of the '150,

9

'252, '984 and '965 patents. Katz Technology Licensing denies that one of European Patent No. 0032410 or the related Canadian Patent No. 1,162,336 was not disclosed during the prosecution of the '285, '863, '893, '551, '065, '360, '734, '120, '223 patents. The term "materiality" as used in Paragraph 55 is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the remaining allegations in Paragraph 55. Further, to the extent the term "materiality" is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 55.

56. Katz Technology Licensing denies all allegations set forth in Paragraph 56.

### D. The Katz PCT Reference

57. Katz Technology Licensing admits that PCT Application No. WO 87/00375 was not disclosed to the USPTO as part of the prosecution of the '739 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 57.

58. Katz Technology Licensing admits that PCT Application No. WO 87/00375 was published on January 15, 1987. The remaining allegations in Paragraph 58 constitute legal conclusions to which no response is required.

59. Katz Technology Licensing admits that the application that led to the '739 patent was filed on May 16, 1998. The remaining allegations in Paragraph 59 constitute legal conclusions to which no response is required.

60. The terms "material," "materiality" and "relevant" in Paragraph 60 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations. Further, to the extent these terms are intended to allege legal materiality or relevance, the allegations constitute legal conclusions to which no response is required. No response is required to the allegations in Paragraph 60 to the extent the allegations of Paragraph 60 refer to the claims in PCT Application No. WO 87/00375 and the '739 patent, as PCT Application No. WO 87/00375 and the '739 patent speak for

themselves. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 60.

61. Katz Technology Licensing admits that the patent applicant had knowledge of PCT Application No. WO 87/00375 during prosecution of the '739 patent. The term "materiality" in Paragraph 61 is so vague and uncertain that Katz Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations. Further, to the extent the term "materiality" is intended to allege a legal duty or legal materiality, the allegations constitute legal conclusions to which no response is required. Katz Technology Licensing denies any and all remaining allegations set forth in Paragraph 61.

62. The terms "duty of candor and fair dealing" and "material prior art" are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to respond and therefore denies the allegations set forth in Paragraph 62. Further, to the extent these terms are intended to allege legal duties and legal materiality, the allegations constitute legal conclusion to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 62.

63. The allegations set forth in Paragraph 63 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations.

64. The term "strongly related" in Paragraph 64 is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations. Katz Technology Licensing admits that terminal disclaimers were filed as part of the prosecution of the '893, '863, '551, '065, '134 and '360 patents. Katz Technology Licensing denies all allegations set forth in Paragraph 64.

65. Katz Technology Licensing denies all allegations set forth in Paragraph 65.

## II. Alleged False and Misleading Statements

66. Katz Technology Licensing denies all allegations set forth in Paragraph 66.

67. Katz Technology Licensing denies all allegations set forth in Paragraph 67.

### A. Statements Regarding International Application 87/00375

68. Katz Technology Licensing admits that the '734 patent is a continuation of the '252 patent, which is a continuation of the '984 patent. Katz Technology Licensing further admits that during prosecution of the '984 patent, the patent applicant stated that the "Katz reference (R), International Publication No. WO 87/00375 coincides to the parent of U.S. Patent 4,792,968. In that regard, as now recited in the specification, the present application is a continuation-in-part of Serial No. 312,792; which is a continuation-in-part of Serial No. 194,258 (now patent 4,845,739); which is a continuation-in-part of Serial No. 018,244 (now patent 4,792,968); which is a continuation-in-part of Serial No. 753,299 which is the equivalent of the reference. Accordingly, the international application is not properly a reference against the present case." Katz Technology Licensing denies any remaining allegations set forth in Paragraph 68.

69. Katz Technology Licensing admits that PCT Application No. WO 87/00375 was published more than one year prior to the actual filing date of the '734 patent. The remaining allegations in the second sentence of Paragraph 69 constitute legal conclusions to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 69.

70. The terms "intent to deceive," "scope beyond any to which Katz was entitled" and "inequitable conduct" are alleged legal conclusions to which no response is required. Katz Technology Licensing denies all allegations set forth in Paragraph 70.

71. Katz Technology Licensing denies all allegations set forth in Paragraph 71.

### B. Statements Regarding the Brown Patent

72. Katz Technology Licensing denies all allegations set forth in Paragraph 72.

73. Katz Technology Licensing admits that in an Amendment filed January 31, 1996 as part of the prosecution of the '734 patent, the patent applicant stated, "[a]lthough it is questionable whether the Brown patent even qualifies as prior art, Applicant in the interest of being candid, is bringing it to the Examiner's attention. The Brown patent has an issue date of November 20, 1990, and a filing date of September 20, 1989. It should be noted that the present application ultimately claims priority from Applicant's parent patent U.S. Patent No. 4,930,150, which predates the Brown patent with respect to disclosure of alternate access possibilities (*e.g.*, '800' or '900')." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 73.

74. Katz Technology Licensing denies all allegations set forth in Paragraph 74.

75. Katz Technology Licensing denies all allegations set forth in Paragraph 75.

76. Katz Technology Licensing denies all allegations set forth in Paragraph 76.

### C. Statements Regarding the Hester Reference

77. Katz Technology Licensing denies all allegations set forth in Paragraph 77.

78. Katz Technology Licensing admits that in a Supplemental Amendment filed March 14, 1995 as part of the prosecution of the '734 patent, the patent applicant stated, "[t]he reference by Hester bears a date of 1985, apparently 'September'. In that regard, it is noteworthy that the present application is related to a parent case filed July 10, 1985." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 78.

79. Katz Technology Licensing denies all allegations set forth in Paragraph 79.

80. Katz Technology Licensing denies all allegations set forth in Paragraph 80.

81. Katz Technology Licensing denies all allegations set forth in Paragraph 81.

### D. Statements Regarding the Kaplan Patent

82. Katz Technology Licensing denies all allegations set forth in Paragraph 82.

83. Katz Technology Licensing admits that U.S. Patent No. 4,797,913 was filed on August 4, 1987. The remaining allegations in Paragraph 83 constitute legal conclusions to which no response is required.

84. Katz Technology Licensing admits that in a Supplemental Amendment filed March 14, 1995 as part of the prosecution of the '734 patent, the patent applicant stated "U.S. Patent No. 4,797,913 (Kaplan et al.) is directed to a telephonic vending system involving the use of (ANI) information for qualification (column 2, line 50). However, it should be noted that in that regard, the present application is entitled to a priority date earlier than that of the subject reference." Katz Technology Licensing denies all remaining allegations set forth in Paragraph 84.

85. Katz Technology Licensing denies all allegations set forth in Paragraph 85.

86. Katz Technology Licensing denies all allegations set forth in Paragraph 86.

87. Katz Technology Licensing denies all allegations set forth in Paragraph 87.

88. Katz Technology Licensing denies all allegations set forth in Paragraph 88.

89. Katz Technology Licensing denies all allegations set forth in Paragraph 89.

### REPLY TO PHI DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE

The factual allegations contained in the PHI Defendants' counterclaims are also contained in the PHI Defendants' twelfth affirmative defense. Katz Technology Licensing responds to Paragraphs 78-138 of the PHI Defendants' affirmative defenses by incorporating by reference as if fully contained herein its response to Paragraphs 28-89 of the PHI Defendants' counterclaims.

### PRAYER FOR RELIEF ON PHI'S COUNTERCLAIMS

Katz Technology Licensing respectfully requests that, in response to the PHI Defendants' Counterclaims, this Court:

1. Dismiss the PHI Defendants' Counterclaims with prejudice;

2. Adjudge that the PHI Defendants are not entitled to any relief, including any of the relief requested in their prayer for relief; and

3. Award to Katz Technology Licensing the relief requested in its Complaint and such other relief as the Court may deem appropriate and just under the circumstances.

<table>
<tr><td>

OF COUNSEL:

Robert T. Haslam
Andrew C. Byrnes
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025-3506
650.324.7000

Michael K. Plimack
Dale A. Rice
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
415.772.6000


November 20, 2006
546482

</td><td>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*
_____
Mary B. Graham (#2256)
Julia Heaney (#3052)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
302.658.9200


*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following Joanne Ceballos.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on November 20, 2006 upon the following individuals in the manner indicated:

### **BY EMAIL**

| | |
|---|---|
| Joanne Ceballos<br>Bifferato, Gentilotti, Biden & Balick, P.A.<br>jceballos@bgbblaw.com | Mitchell D. Lukin<br>Baker Botts LLP<br>Mitch.lukin@bakerbotts.com |
| Jeffery S. Standley<br>Standley Law Group LLC<br>jstandley@standleyllp.com | Richard M. McDermott<br>Alston & Bird LLP<br>Rick.mcdermott@alston.com |

*/s/ Julia Heaney*
_____
Julia Heaney (#3052)
jheaney@mnat.com