

A CERTIFIED TRUE COPY
MAR 20 2007
ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Duplicate Original

CV 07-02096 RGK (FFMx)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 20 2007

FILED
CLERK'S OFFICE

Katz Technology Licensing -vs- Reliant Energy Inc et al

**RELEASED FOR PUBLICATION**

## DOCKET NO. 1816

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE KATZ INTERACTIVE CALL PROCESSING PATENT LITIGATION

### BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, D. LOWELL JENSEN,[*] J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation presently consists of the 25 actions listed on Schedule A and pending in two districts as follows: twenty actions in the Eastern District of Texas and five actions in the District of Delaware. The patents involved in these actions relate to the integration of telephone systems with computer databases and/or live operator call centers to provide "interactive call processing" or "interactive voice response." Now before the Panel are two motions, pursuant to 28 U.S.C. § 1407, seeking centralization of all or a subset of these 25 actions.[1]

In the first motion, the Target defendants[2] seek centralization under Section 1407 of all actions in the Central District of California before Judge R. Gary Klausner, who has judicial experience with several patents involved in these MDL-1816 actions. Eleven groups of affiliated defendants support the motion; some of these defendants alternatively suggest selection of either the District of Delaware or the Eastern District of Texas as transferee district. The patent holder plaintiff Ronald A. Katz Technology Licensing, L.P. (RAKTL) opposes centralization. If the Panel deems centralization appropriate, RAKTL opposes inclusion of the Texas *Citibank* action in Section 1407 proceedings, but RAKTL supports selection of either the Texas or Delaware districts as transferee forum for the remaining actions. Twelve groups of affiliated defendants also oppose centralization; if the Panel deems centralization appropriate, some of these defendants oppose inclusion of the Texas *Citibank* and *Discover* actions in any MDL-1816 proceedings and/or alternatively support centralization in one of the three suggested transferee fora.

---

[*] Judges Hodges, Jensen and Motz took no part in the decision of this matter.

[1] An additional action – *Ronald A. Katz Technology Licensing, LP v. PNC Financial Services Group, Inc., et al.*, E.D. Texas, C.A. No. 9:06-200 – was included on the initial Section 1407 motion. The Panel has been notified that this action has been settled and dismissed. Accordingly, the question of inclusion of this action in MDL-1816 proceedings is moot.

The Panel also has been notified that a potentially related action has been filed in the District of Delaware. In light of the Panel's disposition of this docket, this action will be treated as a potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Target Corp., Target Bank, and Target National Bank.



I hereby attest and certify on 3/30/07 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

- 2 -

In the second motion, a defendant in one Texas action, Global Crossing Telecommunications, Inc. (Global Crossing), seeks centralization of only two MDL-1816 actions – the "teleconferencing" actions now pending respectively in the District of Delaware and Eastern District of Texas – and any other actions the Panel deems necessary, in the District of Delaware. Global Crossing alternatively supports centralization of all actions in the Central District of California. One Texas co-defendant joins in this motion. Plaintiff RAKTL and eleven groups of affiliated Delaware or Texas defendants also oppose this second motion.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each of the 25 MDL-1816 actions involves allegations of infringement and invalidity of one or more interactive call processing patents, sometimes referred to as the "Katz family of patents" (after the last name of the inventor of the patents). All actions can thus be expected to share factual and legal questions concerning such matters as the technology underlying the patents, prior art, claim construction and/or issues of infringement involving the patents. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Opponents argue that unique questions of fact relating to each defendant's allegedly infringing system will predominate over common factual questions among these actions. We are not persuaded by this argument. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Centralization will permit all actions to proceed before a single transferee judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to duplicative discovery demands. The transferee court will be able to formulate a pretrial program that allows any unique discovery in these actions to proceed concurrently on separate tracks with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). The Panel is also aware that proceedings in some MDL-1816 actions are further advanced than other actions. It may well be that some actions may be ready for trial in advance of other MDL-1816 actions. If such is the case, nothing in the nature of this Section 1407 centralization will impede the transferee court, whenever it deems appropriate, from recommending Section 1407 remand. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38; *In re Acacia Media Technologies Corp. Patent Litigation*, 360 F.Supp.2d 1337 (J.P.M.L. 2005).

While any of the suggested districts would be an appropriate transferee district for this litigation, we are persuaded that this litigation should be centralized in the Central District of California before Judge Klausner, who has prior judicial experience with some of the patents involved in this docket and is thus already familiar with the technology underlying these patents.

- 3 -

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable R. Gary Klausner for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

/s/ Robert L. Miller, Jr.
Robert L. Miller, Jr.
Acting Chairman

## SCHEDULE A

MDL-1816 -- In re Katz Interactive Call Processing Patent Litigation

### District of Delaware

*Ronald A. Katz Technology Licensing, LP v. Reliant Energy Inc., et al.*,
  C.A. No. 1:06-543
*Ronald A. Katz Technology Licensing, LP v. TD Banknorth, Inc., et al.*,
  C.A. No. 1:06-544
*Ronald A. Katz Technology Licensing, LP v. Ahold USA, Inc., et al.*, C.A. No. 1:06-545
*Ronald A. Katz Technology Licensing, LP v. Time Warner Cable, Inc., et al.*,
  C.A. No. 1:06-546
*Ronald A. Katz Technology Licensing, LP v. American International Group, Inc., et al.*,
  C.A. No. 1:06-547

### Eastern District of Texas

*Ronald A. Katz Technology Licensing, LP v. American Airlines, Inc., et al.*,
  C.A. No. 2:06-334
*Ronald A. Katz Technology Licensing, LP v. Aetna, Inc., et al.*, E.D. Texas, C.A. No. 2:06-335
*Ronald A. Katz Technology Licensing, LP v. Citibank, N.A., et al.*, C.A. No. 5:05-142
*Ronald A. Katz Technology Licensing, LP v. Discover Financial Services, Inc., et al.*,
  C.A. No. 5:06-182
*Ronald A. Katz Technology Licensing, LP v. Genesys Conferencing, Inc., et al.*,
  C.A. No. 5:06-187
*Ronald A. Katz Technology Licensing, LP v. American Electric Power Co., Inc., et al.*,
  C.A. No. 5:06-188
*Ronald A. Katz Technology Licensing, LP v. Alltel Corp., et al.*, C.A. No. 9:06-177
*Ronald A. Katz Technology Licensing, LP v. Chevron Corp., et al.*, C.A. No. 9:06-178
*Ronald A. Katz Technology Licensing, LP v. Cox Communications, Inc., et al.*,
  C.A. No. 9:06-191
*Ronald A. Katz Technology Licensing, LP v. DirecTV Group, Inc., et al.*,
  C.A. No. 9:06-192
*Ronald A. Katz Technology Licensing, LP v. Earthlink, Inc.*, C.A. No. 9:06-193
*Ronald A. Katz Technology Licensing, LP v. Tracfone Wireless, Inc.*, C.A. No. 9:06-194
*Ronald A. Katz Technology Licensing, LP v. Ford Motor Co., et al.*, C.A. No. 9:06-195
*Ronald A. Katz Technology Licensing, LP v. Cullen/Frost Bankers, Inc., et al.*,
  C.A. No. 9:06-196
*Ronald A. Katz Technology Licensing, LP v. General Electric Capital Corp., et al.*,
  C.A. No. 9:06-197
*Ronald A. Katz Technology Licensing, LP v. General Motors Corp., et al.*,
  C.A. No. 9:06-198
*Ronald A. Katz Technology Licensing, LP v. Humana, Inc.*, C.A. No. 9:06-199
*Ronald A. Katz Technology Licensing, LP v. Regions Financial Corp., et al.*,
  C.A. No. 9:06-201
*Ronald A. Katz Technology Licensing, LP v. Safeco Insurance Co. of America, et al.*,
  C.A. No. 9:06-202
*Ronald A. Katz Technology Licensing, LP v. U.S. Bancorp, et al.*, C.A. No. 9:06-203

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

### CV07- 2096 RGK (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY